SAVEWAY GAS & APPLIANCE, INC.,
formerly Saveway L. P. Gas, Inc.,
Respondent,

v.

The INDUSTRIAL COMMISSION OF MISSOURI, DIVISION OF EMPLOYMENT SECURITY, Appellants.

No. 10291.

Missouri Court of Appeals,
Springfield District.

May 20, 1977.

Terry C. Allen, William W. Clinkenbeard, Jefferson City, for appellant Division of Employment Sec.

Before BILLINGS, C. J., and STONE and TITUS, JJ.

BILLINGS, Chief Judge.

Appeal by appellants, the Labor and Industrial Relations Commission and the Division of Employment Security, from a determination by the Circuit Court of Stoddard County that four claimants for benefits voluntarily terminated their employment with respondent Saveway Gas & Appliance, Inc., and reversing the order of the Industrial Commission that respondent was not an interested party and could not protest the claims for unemployment benefits. We hold the lower court exceeded its jurisdiction in finding the claimants had voluntarily left their employment but we affirm its judgment that respondent is an interested party and entitled to protest the claims for benefits.

Claimants filed their claims with the Sikeston office of the Division of Employment Security on February 26, 1973. Each of the claims set forth the employing unit's name and address to be "Saveway Gas and Appliance, 115 East Stoddard Street, Dexter, Missouri." The claims were forwarded to Jefferson City for processing.

On March 9, 1973, notice of the claims was received by respondent's accountants in an envelope addressed "Saveway L.P. Gas Inc., c/o Day Spitzmiller Sisk [accountants], Box 272, Dexter, Mo." The envelope and claims were forwarded by the accountants to respondent under postmark of March 12 and respondent lodged a protest on March 14. The following day, March 15, a deputy of the Division of Employment Security advised respondent its protest had not been timely filed and it thus did not qualify as an interested party and had no appeal rights to the issue raised by the protest. Respondent appealed this determination to the Appeals Tribunal of the Division of Employment Security and following a hearing that body affirmed the deputy's determination. Review by the Industrial Commission was

Stephen R. Mitchell, Parsons & Mitchell, P. C., Dexter, for respondent.

Charles B. Fain, Jefferson City, for appellant Industrial Commission of Missouri.

sought and obtained by respondent. The Industrial Commission remanded the matter to the Appeals Tribunal for an evidentiary hearing on the issue of the date of mailing the notices of initial claims to respondent. At such hearing testimony of the supervisors of the data processing operations, the mail room, and the benefit charge unit and determination computation subunit of the Division of Employment Security in Jefferson City was received. Thereafter, the Industrial Commission affirmed the earlier determination that respondent was not an interested party to the allowance of benefits to the claimants.

Respondent next filed a timely petition for judicial review in the circuit court. That court heard, over appellants' objection, evidence in addition to that contained in the administrative record. The court's findings and order followed.

We agree with the trial court that the mailing of the notices of initial claims to respondent's accountants failed to meet the requirements of § 288.070.1, RSMo 1969. The applicable portions of the statute are as follows:

"Notice of each initial claim filed by an insured worker which establishes the beginning of his benefit year shall be promptly mailed by the division to each base period employer of such individual and to the last employing unit whose name is furnished by the individual when he files such claim. . . . Any such base period employer or any employing unit who within seven calendar days [1] after the mailing of notice of the initial claim or a renewed claim to his or its last known address files a written protest against the allowance of benefits shall be deemed an interested party . . . ."

■ The statute requires the notice of initial claim to be *mailed* to the employing

unit's last known address. Here, the testimony of the division's employees dealt solely with the ordinary procedure followed in processing claims. There was no evidence when the instant notices were in fact mailed from Jefferson City. The conclusion voiced by the supervisor of the mail room that they were mailed is simply that—a conclusion. Where mailing is an issue, there must be proof. "Not only was this testimony far short of proof that the original letter was placed in an envelope properly addressed, but there is no showing that the postage was prepaid, or as to how, when, or where it was mailed. Was it deposited with the daily outgoing mail to be afterwards placed in the post office, or, was it placed in a Government mail box by this witness? The witness evaded the question as to whether he mailed the letter by answering, 'It was mailed, yes, sir.' And even the answer was a mere conclusion of the witness." *Miller v. John Hancock Mutual Life Insurance Co.*, 155 S.W.2d 324, 328 (Mo.App.1941).

■ Appellants contend that the Commission "may infer that the notice at issue here was mailed and could have been delivered promptly as a matter of routine." We disagree. The statute permits no such inference. There is no competent evidence as to when the notices were mailed and the uncontradicted evidence is that the notices arrived in Dexter on March 9, 1973.[2]

We conclude the findings of fact and conclusions of law of the Industrial Commission on the issue of notice are not supported by substantial and competent evidence [§ 288.210, RSMo 1969] and the trial court did not err in reversing and remanding the proceedings to the Industrial Commission with directions that respondent be allowed to file protests as an interested party.

1. § 288.070 was amended by Laws 1974, p. 867, to increase the period to ten days.

2. The writer is not unaware of the delivery service of the United States Mail. Instances: 4 days for first class mail to arrive in Springfield from Jefferson City; 7 days for first class mail from Bloomfield to Springfield; 9 days for first class mail to travel from Waynesville to Springfield; 20 days for first class and insured mail from Memphis, Tenn. to Springfield. The General Assembly may have had similar service in mind when § 288.070 was amended. See footnote 1.

We agree with appellants, however, that the lower court exceeded its jurisdiction under § 288.210, RSMo 1969, in hearing additional evidence and ruling the question of the nature of claimants' termination of their employment with respondent. This issue was not before the reviewing court and it remains the function of the trier of fact, the Industrial Commission in this case, to determine this factual dispute. See, *Christian Board of Publication v. Division of Employment Security*, 279 S.W.2d 55 (Mo.App.1955); *State v. Randall*, 275 S.W.2d 758 (Mo.App.1955).

The cause is remanded to the Circuit Court of Stoddard County with directions to set aside its finding on the issue of the nature of the claimants' termination of their employment with respondent and remand the matter to the Industrial Commission for further proceedings consistent with this opinion.

All concur.