**WESTON TRANSPORTATION, INC., Appellant,**

v.

**Nickey SHARP, Respondent.**

**No. WD 51768.**

Missouri Court of Appeals, Western District.

July 2, 1996.

Jeffrey S. Eastman, Keleher & Eastman, Gladstone, for appellant.

Kevin Rotert, Gladstone, for respondent.

Before LAURA DENVIR STITH, P.J., and ULRICH and SMART, JJ.

ULRICH, Judge.

Weston Transportation, Inc. appeals the order of the Labor and Industrial Relations Commission affirming the award made by the Administrative Law Judge in favor of employee and against employer. Weston Transportation claims the award was not supported by competent and substantial evidence because employer failed to receive proper notice of the hearing as required by section 287.450 RSMo 1987 and as provided by section 287.520 RSMo 1994.[1]

The judgment is reversed, and the case is remanded to the Labor and Industrial Relations Commission for rehearing.

■ The evidence is viewed in the light most favorable to the Commission's award. *Dawson v. Associated Electric,* 885 S.W.2d 712, 714 (Mo.App.1994). Nickey Sharp suffered an injury on June 22, 1993, while in the employment of Weston Transportation, Inc. (Employer). He filed a claim for compensation with the division of Worker's Compensation on September 13, 1993. The Notice of Hearing in the court file bears the date of September 17, 1993, and the addresses of the employee, employee's attorney, and employer. The notice sets forth the date, time, and place for the hearing.

A hearing was held on July 20, 1994, before the Administrative Law Judge (ALJ), and evidence was presented by Mr. Sharp. Mr. Sharp appeared with counsel, but Employer failed to appear. On August 9, 1994, the ALJ issued his order in favor of Mr. Sharp, ordering Employer to pay for medical treatment, temporary total disability, and

---

1. Section 287.520 states:

Any notice required under this chapter shall be deemed to have been properly given and served when sent by registered or certified mail properly stamped and addressed to the person or entity to whom given, at the last known address in time to reach the person or entity in due time to act thereon, or to counsel for that person or entity in like manner. Notice may also be given and served in like manner as summons in civil actions.

permanent partial disability. A copy of the award was mailed to Employer.

Employer then filed an application for review with the Labor and Industrial Relations Commission alleging that it did not have the opportunity to contest Mr. Sharp's claim because it had not received notice of the July 20, 1994, hearing. The Labor and Industrial Relations Commission affirmed the award of the ALJ, finding that the award was supported by competent and substantial evidence. This appeal followed.

### Standard of Review

▇▇▇ The reviewing court applies a two-step process to determine if the Commission could have reasonably made its findings and award after considering all the evidence presented. *Davis v. Research Medical Ctr.,* 903 S.W.2d 557, 571 (Mo.App.1995). First, the court must determine if the record contains sufficient competent and substantial evidence to support the award. *Id.* The first step requires examination of the whole record, viewing the evidence and all reasonable inferences drawn therefrom in the light most favorable to the award. *Id.* If the record contains sufficient competent and substantial evidence to support the award, the reviewing court must then determine whether the award is against the overwhelming weight of the evidence. *Id.* To make this determination, the reviewing court, viewing the evidence in the light most favorable to the award, must consider all evidence in the record, including that which opposes or is unfavorable to the award. *Id.*

### Discussion

Employer's only point on appeal alleges the Commission erred in affirming the ALJ's order because there was not competent and substantial evidence demonstrating that Employer received notice of the July hearing. Section 287.450 RSMo 1995, requires the division to notify the interested parties of the time and place of hearing after an application for a hearing has been received. Although no further description of the notice appears within section 287.450, section 287.520 provides guidance in the manner in which notice should be served. Notice is properly given if sent by registered or certified mail, properly stamped and addressed, to the last known address, in time for the person to act upon the notice received. Notice may also be given and served in the same manner as a summons in civil actions. § 287.520 RSMo Cum.Supp.1995.

The notice was sent to Mr. Sharp by registered mail. The use of registered or certified mail provides proof of mailing and raises the presumption that service was properly given and served. § 287.520 RSMo Cum. Supp.1995. Mr. Sharp admits the notice of the July 1994, hearing was not sent by certified mail or personally served on the Employer. He contends, however, that the notice of hearing contained in the court file provides sufficient evidence that notice was mailed to Employer.

▇▇▇ The key issue is whether the notice of hearing was sent to employer. When mailing is an issue, proof must establish that the item was mailed. *Saveway Gas & Appliance, Inc. v. Industrial Comm.,* 552 S.W.2d 76, 78 (Mo.App.1977). The presence of a letter in the court's file is not proof the letter was mailed to the addressee. *Eastin v. Franklin,* 806 S.W.2d 57, 61 (Mo.App.1991). The document in the file merely shows that it was prepared, not mailed. Nothing in the record provides sufficient proof that the letter was mailed. The mailing of a document should be memorialized to chronicle its occurrence. Proof is often uncertain unless a mailing receipt or postmarked envelope are obtained and retained, a docket entry is made or an affidavit is presented, to document the actual mailing.

Employer also attempts to assert that even if the notice was mailed, it was not mailed to Employer's last known address. Employer's assertion relies on the fact that the notice bears the address of P.O. Box 34765, Kansas City, Missouri 64116. Mr. Sharp, in his testimony before the ALJ, testified that Employer conducted business at 1600 Swift in North Kansas City, Missouri. "Last known address" is the place where mail is most likely to reach the person to whom it is being sent. *Cagle v. Regal Plastics Company,* 522 S.W.2d 7, 9 (Mo.App.1975). Generally, a post

office box is expressly for the purpose of receiving mail. The post office box and not the business location is the address where mail is most likely to be received and is, therefore, the proper place to mail notice of the hearing.

Since no evidence existed in the file to establish that notice of the hearing was sent to Employer, the Commission's findings of fact and conclusions of law are not supported by substantial and competent evidence. The award is, therefore, reversed, and the cause is remanded to the Labor and Industrial Relations Commission for rehearing.

All concur.