Darla K. SHELTON,
Claimant/Appellant,

v.

MISSOURI BAPTIST MEDICAL CENT., Employer/Respondent.

No. 75410.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 17, 1999.

Harry J. Nichols, Patrick L. Howe, St. Louis, for appellant.

Evans & Dixon, L.L.C., Robert M. Evans, Jennifer K. Greene, Michael F. Banahan, St. Louis, for respondent.

JAMES A. PUDLOWSKI, Presiding Judge.

Darla Shelton (Shelton) appeals the dismissal of her claim for workers' compensation by the Labor and Industrial Relations Commission (the Commission). We reverse and remand.

The Division of Workers' Compensation (the Division) received a report of an injury on 12 April 1990. The report indicated that Shelton suffered an injury on 26 March 1990. She filed a claim for compensation with the Division on 7 June 1990, claiming that she suffered injury to her "neck, right shoulder, right arm and upper back" while engaged in work-related activity at Missouri Baptist Medical Center (Employer).

Employer offered to settle the claim on 9 March 1992, but did not receive a response from Shelton. On 15 October 1993, Employer withdrew its offer to settle. Employer again offered to settle in February 1997, however, Shelton did not accept Employer's offer.

On 1 September 1998, Shelton failed to personally appear at a mandatory mediation. Administrative Law Judge (ALJ) Landolt entered the following handwritten document:

MEMORANDUM

Cause called for mediation. Employer/Insurer appears in person. [Shelton's] attorney appears. [Shelton] does not appear. Cause dismissed for failure to prosecute over the objection of [Shelton].

SO ORDERED: /s/ Margaret D. Landolt

There is no evidence that this memorandum was mailed to any party.

On 8 September 1998, Chief ALJ Dowd issued an order dismissing Shelton's claim. The Order of Dismissal had ALJ Landolt's named crossed out and substituted ALJ Dowd's name. Further, this Order of Dismissal was mailed to the attorneys of record. The order read:

OF DISMISSAL

The above parties [Shelton, Shelton's counsel, Employer, Insurer and Insurer's counsel] are hereby notified that the Claim for Compensation against the employer(s) for the above-referenced injury is dismissed for failure to prosecute.

Under the provision of the Missouri Workers' Compensation Law, an Application for Review may be made to the Labor and Industrial Relations Commission within twenty (20) days of the date of the Order of Dismissal. If such a request is made, the Application should be sent directly to the [Commission's address], in triplicate.

If the request for review is not made within the time prescribed by law, the Order of Dismissal becomes final and no appeal lies to the courts.

Notice of the last setting for dismissal was properly sent to the parties accord-

ing to the provisions of Section 287.520 and 287.655, RSMo [Supp.1998 [1]], and Rule 8 CSR 50–2.010.

/s/ Admin[istrative] Law Judge David Dowd for MDL

Shelton filed an application for review with the Commission on 28 September 1998. Employer filed its answer on 23 October 1998. The Commission issued its decision on 5 November 1998, holding that:

> ...[ALJ] Landolt issued a valid dismissal order on September 1, 1998. That order dismissed [Shelton's] claims under Injury No. 90–03545. For that reason, we consider the dismissal orders [sic] dated September 8, 1998 to be superfluous. [Shelton] did not file her Application for Review within twenty days of the September 1, 1998, dismissal order. [Shelton] has not alleged that the [Division] failed to provide notice of the dismissal, which could extend the period of time in which to file an Application for Review. See *Eighmy v. Tandy/O'Sullivan*, 867 S.W.2d 688, 691 (Mo.App.1993). [Shelton's] counsel signed the September 1, 1998 order, effectively giving [Shelton] notice that the [ALJ] had dismissed her claims on that date.
>
> We have no jurisdiction to consider [Shelton's] untimely Application for Review. We dismiss [Shelton's] application filed on September 28, 1998.

Shelton appeals from the order of the Commission.

■ In her sole point relied on, Shelton claims that the Commission erred in dismissing her application for review because the application was filed within twenty days of ALJ Dowd's 8 September 1998 order. Upon review of a decision of the Commission, we may modify, reverse, remand for rehearing, or set aside an award only if: (1) the Commission acted without or in excess of its powers; (2) it was procured by fraud; (3) the Commission's facts do not support the award; or (4) there was not sufficient competent evi-

dence in the record to warrant making the award. Section 287.495.1.

■ A dismissal for failure to prosecute "shall be deemed an award and subject to review and appeal in the same manner as provided for other awards in this chapter." Section 287.655. Pursuant to Section 287.480, an application for review by the Commission must be filed within twenty days from the date of the award. *Mann v. Supreme Exp.*, 851 S.W.2d 690, 691 (Mo.App. E.D.1993). The timely filing of an application for review of an ALJ's award in a workers' compensation case is jurisdictional and requires strict compliance. *Merritt v. Shoney's, Inc.*, 925 S.W.2d 494, 495 (Mo.App. E.D. 1996). Failure to comply with the statutory time for appeal results in a lapse of jurisdiction and of the right to appeal. *Id.* The procedures outlined for appeal by statute are mandatory. *Id.*

■ Upon making a decision in a particular hearing, an ALJ is statutorily required to send the findings to the parties and the insurer. "The award, together with a statement of the findings of fact, rulings of law and any other matters pertinent to the question at issue, shall be filed with the record of proceedings, and *a copy of the award shall immediately be sent by registered United States mail to the parties in dispute* and the employer's insurer." Section 287.460 (emphasis added).

Notice is properly given when "sent by registered or certified mail properly stamped and addressed to the person or entity to whom given, at the last known address in time to reach the person or entity in due time to act thereon, or to counsel for that person or entity in like manner...." Section 287.520.

In *Weston Transp., Inc. v. Sharp*, 926 S.W.2d 219 (Mo.App. W.D.1996), the sole issue was whether the employer was sent notice of a workers' compensation hearing. At the time of the hearing, the claimant

---

**1.** All further statutory references are to RSMo (Supp.1998) unless otherwise indicated.

appeared with counsel, but the employer failed to appear. The ALJ issued its order directing the employer to pay the claimant; the Commission denied employer its requested review. The employer then appealed. The claimant contended that notice of the hearing in the court files was sufficient notice for employer.

The claimant argued that the file contained a copy of the letter to employer in its file. *Id.* at 221. However, there was no proof that the notice actually was sent to the employer. *Id.* The court reversed and remanded the cause finding there was not substantial and competent evidence to support the award since there was no evidence in the file to prove that the notice of the hearing was sent to the employer. *Id.* at 222.

Similarly, in the instant case, the record provides no insight into the Commission's compliance with the statutory requirements of mailing a copy of the decision until the second order entered by ALJ Dowd. Even though Shelton's attorney was present and knew of ALJ Landolt's 1 September decisions, the Commission failed to follow the plain language of the statute in order to make the 1 September decision final. There was no indication that the decision was sent to the parties. When the statutory requirements were met on 8 September 1998, then Shelton had twenty days within which to file her claim for review.

The Commission's order of 23 October 1998 dismissing Shelton's Application for Review is reversed, and the claim is remanded to the Commission with directions that claimant's application for review be considered.

CLIFFORD H. AHRENS, Judge, CONCURS IN RESULT.

ROBERT E. CRIST, Senior Judge, CONCURS.