Darla K. SHELTON,
Employee/Appellant,

v.

MISSOURI BAPTIST MEDICAL
CENTER, Respondent.

No. ED 78048.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 30, 2001.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 29, 2001.

Application to Transfer Denied
May 29, 2001.

Harry J. Nichols, St. Louis, MO, for appellant.

Michael F. Banahan, Mary Anne Lindsey, St. Louis, MO, for respondent.

AHRENS, Presiding Judge.

Darla Shelton ("Shelton") appeals the dismissal of her claim for workers' compensation by the Labor and Industrial Relations Commission ("the Commission"). After a hearing on the Administrative Law Judge's ("ALJ") dismissal of her claim, the Commission affirmed the dismissal for failure to prosecute. We affirm.

Shelton's claim for workers' compensation on this injury has previously been appealed to this court. *See Shelton v. Missouri Baptist Medical Cent.*, 998 S.W.2d 832 (Mo.App.1999). During 1996, Shelton missed two employer-scheduled doctor's appointments. Subsequently, in a September 19, 1996 order, an ALJ ordered Shelton "to attend any/all future medical appointments scheduled by/for Employer, Missouri Baptist Medical Center, failure to attend medical exam will result in dismissal of claim." After the order was issued, Shelton again failed to attend an employer-scheduled doctor's appointment. Shelton's claim was dismissed at mediation by an ALJ for failure to prosecute. Her appeal to the Commission was dismissed for lack of jurisdiction based on an untimely appeal. We reversed the decision of the Commission finding that the appeal was timely and remanded the case to the Commission with directions that claimant's application for review be considered. *Id.* at 835.

The Commission remanded the case to the Division of Workers' Compensation ("the Division") with instructions to schedule the matter for a hearing to fully develop the facts surrounding the order of dismissal. On February 16, 2000, the Division, pursuant to the Commission's order, held a hearing. Shelton presented no evidence but submitted a stipulation of facts. On May 16, 2000, the Commission issued an order affirming the dismissal of Shelton's claim. The Commission found no evidence that Shelton made efforts to prosecute or settle her claim before or after she was ordered by the Division to attend any future medical appointments and subsequently failed to comply with that order. Shelton now appeals the Commission's order affirming the dismissal.

When reviewing the decision of the Commission in workers' compensation cases, we review only questions of law. *Williams v. DePaul Health Center*, 996 S.W.2d 619, 625 (Mo.App.1999). We "may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other: (1) That the commission acted without or in excess of its powers; (2) That the award was procured by fraud; (3) That the facts found by the commission do not support the award; and (4) That there was not sufficient competent evidence in the record to warrant the making of the award." Section 287.495.1 RSMo (Supp.1999). Decisions that are clearly interpretations or application of law are reviewed without deference to the Commission's judgment. *Files v. Wetterau, Inc.*, 998 S.W.2d 95, 97 (Mo.App.1999).

In her first point on appeal, Shelton claims the Commission erred in affirming the Division's order of dismissal based on a lack of jurisdiction because the initial order of dismissal was entered during mediation, which violated the Division's dock-

et procedures.[1] She argues that because her claim was dismissed at a mediation setting she was not put on notice that her claim was in danger of being dismissed. In addition, she claims that the local rules and procedures of the Division allow a dismissal only at a dismissal setting or hearing setting. The Division's local rules and procedure state that "[a]n order indicating that a claim has been dismissed for Failure to Prosecute may be issued by an Administrative Law Judge upon an oral or written motion made by the attorney representing the employer/insurer at a dismissal setting or hearing setting."

These arguments fail. First, she was specifically notified her claim was in danger of being dismissed in the order dated September 19, 1996 instructing her to attend all future employer-scheduled doctor's appointments or her claim would be dismissed. Secondly, sections 287.650 RSMo (Supp.1999) and 287.655 RSMo 1994 do not limit an ALJ's authority to dismiss only at certain proceedings. The Division's local rule cited by claimant does not limit or restrict dismissals to being done only on motion and at dismissal settings or hearing settings. Section 287.650.1 states: "[t]he division shall have power to strike pleadings and enter awards against any party or parties who fail or refuse to comply with its lawful orders." Section 287.650. An order of dismissal is deemed an award. Section 287.655. Here, Shelton failed to comply with the order issued September 19, 1996. By failing to attend the court-ordered employer-scheduled doctor's appointments, she failed to prosecute her case. Therefore, the ALJ had authority to enter an award in accordance with section 287.650.1 dismissing the case. *See Cade v. Bendix Corp.*, 564 S.W.2d 608, 609 (Mo. App.1978).

Shelton's argument that the Division's docket rules do not allow dismissal at mediation also fails. The order was issued for Shelton's failure to comply with an order of the court constituting failure to prosecute. Therefore, the case could be dismissed after Shelton's unmitigated failure to comply with that order. *Cade*, 564 S.W.2d at 609. Point denied.

■ In her second point on appeal, Shelton alleges that the Commission acted in excess of its powers and lacked jurisdiction in ordering a remand hearing to the Division to develop facts surrounding the dismissal of her claim. She claims the Commission's remand to develop facts was improper because the Commission was to determine if dismissal at mediation was proper. We disagree.

■ "When the terms of the mandate remand the cause to the subordinate tribunal, the effect is to revest jurisdiction in that court to take the acts directed." *Moore v. Beck*, 730 S.W.2d 538, 540–41 (Mo. banc 1987). "A remand with directions limits the trial court to enter a judgment in conformity with the mandate." *Outcom v. City of Lake St. Louis*, 996 S.W.2d 571, 574 (Mo.App.1999). The "proceedings on remand should be in accordance with the mandate and the result should be contemplated in the appellate court's opinion." *Ironite Products Co., Inc. v. Samuels*, 17 S.W.3d 566, 570 (Mo. App.2000). When remanding Shelton's previous appeal we stated: "[t]he Commission's order of 23 October 1998 dismissing Shelton's Application for Review is reversed, and the claim is remanded to the Commission with directions that claimant's application for review be considered." *Shelton*, 998 S.W.2d at 835. The remand included directions to the Commission to

---

**1.** Missouri Baptist Medical Center filed a motion to dismiss indicating failure to comply with Rule 84.04. We deny the motion and review the points presented in Shelton's brief.

review Shelton's claim. Remand to the Division was a result that could be contemplated by the appellate court because Shelton's application for review not only alleged error in dismissing her case at mediation but also stated that "the ALJ's order denies the Employee her procedural rights and ability to present her claim at a hearing." The Commission had jurisdiction to remand the case to the Division to develop facts because the application for review contained an allegation of failure to allow her to present her claim at a hearing. Point denied.

The decision of the Commission is affirmed.

CRANDALL, and JAMES R. DOWD, JJ., concurs.