Larry BREWER, Respondent,

v.

REPUBLIC DRYWALL, Respondent,

and

Insurance Company of North America, Appellant,

Treasurer of the State of Missouri, as custodian of Second Injury Fund, Respondent.

No. 25936.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 6, 2004.

Ellen E. Morgan, Ballwin, for appellant.

David W. Hall, Neale & Newman, LLP, Springfield, Richard L. Rollings, Jr., Ozark, for respondent, Republic Drywall.

Kenneth W. Johnson, Twibell, Johnson, Johnson, Scott & Garrison, Springfield, for respondent, Larry Brewer.

ROBERT S. BARNEY, Judge.

Appellant, Insurance Company of North America ("INA") appeals from a temporary award of the Labor and Industrial Relations Commission ("Commission") affirming the decision/order of the Adminis-

tration Law Judge ("ALJ") striking INA's pleadings as a sanction for its failure to produce its corporate representative for depositions on June 18, 2002. In its sole point on appeal, INA maintains there was insufficient evidence in the record to warrant the Commission's decision, because a genuine issue of material fact and law existed as to whether INA had a contractual obligation to Employer "such that [insurance] coverage actually exist[ed]."

■ When reviewing the decision of the Commission in workers' compensation cases "[w]e 'may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other: (1)[t]hat the commission acted without or in excess of its powers; (2)[t]hat the award was procured by fraud; (3)[t]hat the facts found by the commission do not support the award; and (4)[t]hat there was not sufficient competent evidence in the record to warrant the making of the award.'" *Shelton v. Missouri Baptist Med. Ctr.*, 42 S.W.3d 700, 701 (Mo.App.2001) (quoting § 287.495.1); *see also Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 222 (Mo. banc 2003).[1] "A court must examine the whole record to determine if it contains sufficient competent and substantial evidence to support the award ...." *Hampton*, 121 S.W.3d at 222–23.

Respondent Larry Brewer ("Claimant") filed a claim for compensation after he was purportedly injured while working for Respondent Republic Drywall ("Employer") on July 3, 1992. At that time, CIGNA Insurance Company ("CIGNA") allegedly provided workers' compensation insurance coverage for Employer; however, on August 17, 1992, CIGNA notified Employer by mail that it was denying the insurance claim. Thereafter, in May of 1996, INA, as successor in interest to CIGNA, filed an amended answer to the claim for compensation and asserted CIGNA had not provided insurance coverage to Employer at the time of Claimant's injury, because Employer had failed to pay the annual renewal premium on the policy for that period of time in which Claimant had purportedly been injured. Employer claims that insurance coverage was wrongly denied. Together with Claimant, Employer then initiated discovery to determine the basis for INA's denial of coverage.[2]

On December 10, 2001, Employer was able to depose Ms. Elaine Allen ("Allen"), the CIGNA employee whose signature appeared on the denial of coverage letter received by Employer in 1992.[3] Allen related that she did not know the basis for denying the claim other than underwriting told her to deny it.

The parties repeatedly attempted to schedule, by agreement, the deposition of INA's corporate representative, but were unsuccessful. At a pre-hearing conference, INA agreed to present a corporate representative for deposition on March 4, 2002. However, on this date neither INA's attorney nor a corporate representative, or any other witness on behalf of INA, appeared for depositions. This prompted Employer to file a motion for sanctions and default judgment or award against INA. Thereafter, on May 7, 2002,

---

1. Statutory references are to RSMo 2000, unless otherwise set out.

2. We observe that "[i]n Missouri, an insured employer's liability is secondary and indirect; the insurer is primarily and directly liable." *Mikel v. Pott Indus.*, 896 S.W.2d 624, 625 (Mo. banc 1995); §§ 287.300, 287.035.

3. Allen's letter, dated August 17, 1992, set out that: "After reviewing the underwriting file we have determined that the coverage for policy C3570472 expired 8–2–91 and was not renewed. We therefore find no coverage for the above mentioned claim."

the ALJ ordered INA to produce its corporate representative for deposition on June 18, 2002, at 9:00 a.m. The order provided that in the event of INA's failure to produce a corporate representative, the ALJ would strike INA's affirmative defense that it did not provide insurance coverage to Employer on the date of Claimant's injury, and would enter an award against INA that "there is insurance coverage by [INA] for [Claimant's] claim, and order [INA] to assume the defense on behalf of the [Employer]."

As previously related, when INA failed to produce its corporate representative for depositions on June 18, 2002, the ALJ sustained Employer's motion to enforce its prior order and imposed sanctions by striking INA's affirmative defense. The ALJ set out, in pertinent part that:

> The Division will enter at the time of the final award in this claim a Finding and Award against [INA] and in favor of [Employer] that there was insurance coverage by [INA] for the claim of [Claimant]; and [INA] is ordered to assume the defense on behalf of [Employer] on [Claimant's] claim.

On review, the Commission issued its "Temporary or Partial Award" affirming the award and decision/order of the ALJ. This appeal followed.

■ While, as a general rule, no appeal lies from a temporary or partial award made pursuant to section 287.510 in two situations a reviewing court may look behind an award's designation as "temporary or partial" to determine if it is in fact a final award for the purposes of appeal. *Korte v. Fry–Wagner Moving & Storage Co.*, 922 S.W.2d 395, 397–98 (Mo.App. 1996). First, an award is considered final and appealable when an award designated "temporary and partial" is not entered pursuant to section 287.510, "but is an award of permanent total disability entered pursuant to section 287.200.2 ...." *Id.* Second, an appellate court may review the issue of the employer's liability where an employer claims it is not liable for paying *any* compensation. *Korte*, 922 S.W.2d at 398. Accordingly, we have jurisdiction to review this appeal.[4]

■ Turning now to INA's sole point relied on, INA primarily asserts that "the ALJ did not base its award on a review of the evidence; it based its award solely upon a determination that INA had violated its discovery order." Furthermore, without citation of authority, INA sets out that "[t]o grant the employers' motion for sanctions under those circumstances converted the ALJ's general supervisory powers into an order based on summary judgment—something the Legislature clearly did not contemplate when it promulgated *§ 287.650* RSMo." We disagree.

We begin by noting that the power to compel depositions in administrative proceedings is specified in section 287.560, which provides, in pertinent part that "[t]he division, any administrative law judge thereof or the commission, shall have power to issue process, subpoena witnesses, administer oaths, examine books and papers, and require the production thereof, and to cause the deposition of any witness to be taken...." Additionally, section 287.560 goes on to set out that "[a ]*ny party shall be entitled to process to compel the attendance of witnesses and the production of books and papers, and at his own cost to take and use depositions in like manner as in civil cases in the circuit court* ...." (Emphasis added.)

---

4. Employer's motion to dismiss for lack of appellate jurisdiction was ordered taken with the case and is hereby denied.

■ Furthermore, the Department of Labor and Industrial Relations regulations provide that "[i]n any case which has been regularly assigned to an administrative law judge by the director of the division, that administrative law judge shall have full power, jurisdiction and authority to issue all interlocutory orders necessary to the proper and expeditious handling of the case." 8 C.S.R. 20–3.010(2)(A)(2004). Also, section 287.650.1 states: "[t]he division shall have power to strike pleadings and enter awards against any party or parties who fail or refuse to comply with its lawful orders."[5] *See Shelton*, 42 S.W.3d at 702 (holding that dismissal of a workers' compensation claim for failure to prosecute was appropriate where the claimant did not attend a previously-ordered, employer-scheduled physician's appointment); *see also Cade v. Bendix Corp.*, 564 S.W.2d 608, 609 (Mo.App.1978).

In this matter, INA wrongly maintains that the ALJ's imposition of liability, via the striking of its affirmative defense, "converted [Employer's] motion for sanctions into a motion for summary judgment." This assertion is invalid in that no summary judgment was ever granted or even requested in this matter. The ALJ's January 16, 2003, order was not issued because there were no genuine issues of fact. The order was issued as a sanction for INA's failure to comply with the ALJ's order of March 4, 2002. In either event, as Employer aptly sets out in its brief,

summary judgment and the striking of pleadings as a sanction are unrelated matters with completely different procedural requirements.

Additionally, it was through Employer's own efforts to determine precisely what facts existed concerning INA's affirmative defense that led to the sanctions at issue. Employer was compelled to initiate discovery because INA claimed in its affirmative defense that it did not provide Employer with insurance coverage at the time Claimant was injured, while Employer maintained there was substantial evidence supporting the proposition that it was insured by INA at that time. Under these circumstances, Employer was entitled to "compel the attendance of witnesses and the production of books and papers," as well as to depose employees and representatives of INA/CIGNA. *See* § 287.560; *see also* cases cited *supra* note 5. Employer on two separate occasions attempted to depose INA's agent and twice Employer was rebuffed. If the existence of factual questions precluded striking pleadings for failure to comply with discovery, then the rule authorizing the striking of pleadings would be eviscerated. Without fact questions, there is no need for discovery and thus no need for discovery sanctions.

Therefore, it is clear that INA misinterprets the Commission's ruling, and the question before this Court. Here, the question is not whether there were genu-

---

5. As a general proposition, the Missouri Rules of Civil Procedure do not apply to workers' compensation actions, unless a statute implicates the application of a specific rule. *Marston v. Juvenile Justice Ctr.*, 88 S.W.3d 534, 536 n. 2 (Mo.App.2002). Being implicated by section 287.560, "rules of civil procedure governing depositions in civil actions ... [apply to] depositions ..." taken in the instant action. *State ex rel. McConaha v. Allen*, 979 S.W.2d 188, 189 (Mo. banc 1998). "Rule 61.01(f), in conjunction with Rule 61.01(d)(2), authorizes the trial court to strike a defendant's pleadings and render a judgment against him by default for failure to attend his own deposition. Trial courts are vested with discretion as to whether to impose sanctions." *Sher v. Chand*, 889 S.W.2d 79, 82 (Mo.App. 1994). "The trial court's exercise of discretion is subject to review, but it will not be disturbed unless exercised unjustly." *Id.; see also Dobbs v. Dobbs Tire & Auto Ctrs., Inc.*, 969 S.W.2d 894, 898–99 (Mo.App.1998).

ine issues of fact and law before the ALJ, but whether the ALJ abused his discretion in using sanctions to strike INA's affirmative defense.

Accordingly, the only issue concluded against INA as a result of the sanction order is the question of insurance coverage. There was no determination as to whether Claimant would prevail in his claim for compensation and what, if any, entitlements, Claimant would be awarded. That is a matter for another day. Point denied.

There was sufficient, competent and substantial evidence supporting the temporary award of the Commission. *Hampton,* 121 S.W.3d at 222–23. The temporary award of the Commission is affirmed.

SHRUM, J., and BATES, C.J., concur.