**Velvet GRANT, Claimant/Appellant,**

v.

**MONSANTO, and Anheuser–Busch, Inc., Employer/Respondents.**

**No. ED 88497.**

Missouri Court of Appeals, Eastern District, Division Five.

Sept. 5, 2006.

Velvet Grant, Attorney, St. Louis, MO, for appellant.

Paul F. Keeven, Attorney, Chesterfield, MO, Roberts M. Evans, Attorney, St. Louis, MO, for respondents.

BOOKER T. SHAW, Chief Judge.

Velvet Grant (Employee) appeals from the award of the Labor and Industrial Relations Commission (Commission) regarding her claim for workers' compensation benefits. Respondent Anheuser–Busch, Inc. (Employer) has filed a motion to dismiss the appeal, contending Employee's notice of appeal is untimely. Employer also asks for sanctions for a frivolous appeal. Employee has not filed a response to the motion.

In December of 2003, Employee filed a claim for workers' compensation benefits, alleging she had been injured at work in March of 1989. On September 13, 2004, Employee filed a memorandum with the Division of Workers' Compensation (Division), requesting that the Division issue an order of voluntary dismissal of her claims against employers. On September 16, 2004, an Administrative Law Judge with the Division issued an order dismissing Employee's claims without prejudice.

On February 16, 2006, Employee filed an application for review with the Commission seeking review of the September 16, 2004 order of dismissal. Employee also referred to 8 C.S.R. 20–3.020, which provides for the Commission's review of a final award for a change in condition. On March 14, 2006, the Commission dismissed Employee's application for review. On August 4, 2006, Employee filed her notice of appeal to this Court.

In workers' compensation cases, section 287.495, RSMo 2000, provides that "[t]he final award of the commission shall be conclusive and binding unless either party to the dispute shall, within thirty days from the date of the final award, appeal the award to the appellate court." Here, the date of the Commission's final award is March 14, 2006. Employee's notice of appeal was due on April 13, 2006. Section

287.495. She filed her notice of appeal on August 4, 2006 and it is untimely.

The procedures outlined for appeal by statute are mandatory and failure to comply with the statutory time for appeal results in a lapse of jurisdiction and of the right of appeal. *King v. Chrysler Corp.,* 91 S.W.3d 696, 698 (Mo.App. E.D.2002). Moreover, there is no mechanism to seek a special order for a late notice of appeal under rule 81.07 in a workers' compensation case. *Mansfield v. TG Missouri Corp.,* 149 S.W.3d 895, 896 (Mo.App. E.D. 2004).

Employer's motion to dismiss is granted.[1] Employee's appeal is dismissed for lack of jurisdiction.

GLENN A. NORTON, J. and PATRICIA L. COHEN, J., concur.

1. The motion for sanctions for frivolous appeal is denied.