Cynthia PHELAN, Appellant,

v.

TREASURER of the State of Missouri–
Custodian of the Second Injury
Fund, Respondent.

No. WD 68023.

Missouri Court of Appeals,
Western District.

April 8, 2008.

William Charles Spooner, Kansas City, MO, for Appellant.

Jason Michael Lloyd, Kansas City, Mo, for Respondent.

Before: VICTOR C. HOWARD, C.J., HARDWICK and WELSH, J.J.

HOWARD, Chief Judge.

Cynthia Phelan appeals the Labor and Industrial Relations Commission's (Commission) dismissal of her Application for Review. The Commission determined that it lacked jurisdiction, pursuant to section 287.480.1,[1] because Phelan failed to file her review application within twenty days of the dismissal of her workers' compensation claim. The record contains insufficient evidence to support the dismissal. There is no evidence that the order of dismissal was sent to Phelan via certified mail. For reasons explained below, we reverse the Commission and remand the matter for further consideration.

### Procedural History

Phelan originally filed a Second Injury Fund claim for permanent partial disability on August 30, 2001. She amended the claim on March 28, 2006, to allege permanent total disability.

On July 20, 2006, Phelan received a show cause notice indicating that the Division of Workers' Compensation (Division) had placed her claim on a dismissal docket for September 15, 2006. Phelan's counsel sent a letter requesting removal of the case from the dismissal docket because depositions were scheduled for October 2006 and medical evidence was still being collected. The Division received the letter on August 2, 2006.

On October 19, 2006, the Administrative Law Judge (ALJ) entered an order dismissing Phelan's claim for "failure to prosecute." The order indicated that an application for review could be filed with the Commission within twenty days, after which the dismissal would become final and would not be subject to judicial appeal. Phelan received a copy of the dismissal order, but the record on appeal does not indicate when or how she received such notice.[2]

Phelan's counsel was unaware of the dismissal until November 20, 2006, when Phelan notified him that she had received a dismissal order. That same day, counsel filed an application for review with the Commission. At this time, the record indicates that Phelan was, in fact, still actively prosecuting her claim. Counsel requested

---

1. Unless otherwise indicated, all statutory citations are to the Missouri Revised Statutes 2000 and all citations to rules are to the Missouri Supreme Court Rules (2007).

2. In her appellate brief, Phelan claims to have received the order of dismissal by regular mail on November 20, 2006. This statement of fact does not appear in her application for review or elsewhere in the record.

the Commission to set aside the dismissal because the Division failed to send him notice of the order and the notice did not meet the statutory requirements.

The Commission dismissed the application for review for lack of jurisdiction. Based on section 287.480.1,[3] the Commission ruled the review application was untimely because it was not filed within twenty days of the Division's dismissal. The order insinuates that the Commission did not examine the sufficiency of notice provided to Phelan. Rather, it concluded that the application for review was filed more than twenty days after the order of dismissal and, therefore, it was untimely.

## Standard of Review

 Pursuant to section 287.655, the dismissal of a workers' compensation claim is "deemed an award" and is subject to administrative and appellate review. Our review is limited to questions of law, and we reverse an administrative award only if: (1) the Commission acted without or in excess of its powers; (2) the award was procured by fraud; (3) the facts found by the Commission do not support the award; or (4) there was not sufficient competent evidence in the record to warrant the making of the award. § 287.495.1. "The whole record is considered to determine if there is sufficient competent and substantial evidence to support the award." *Tidwell v. Walker Const.*, 151 S.W.3d 127, 131 (Mo. App. S.D.2004) (citing *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 222–23 (Mo. banc 2003)).

## Analysis

Phelan challenges the dismissal of her application for review on two grounds. First, she contends the application was timely because it was filed within twenty days of her counsel receiving notice of the ALJ's dismissal of the Second Injury Fund claim. She asserts the Commission erred in dismissing her claim without exercising its jurisdiction because the Division provided insufficient notice of the dismissal. Second, she argues that no prejudice would result from reversal of the Commission's decision because the Second Injury Fund does not now and never has opposed reinstatement of her workers' compensation claim. We find her first point dispositive.

 A proper analysis of the sufficiency of the notice must begin with the proposition that an application for review generally must be filed within twenty days of a dismissal. *See* § 287.480. The twenty-day period for filing an application for review begins to run when the Division has served notice of the ALJ's decision in accordance with the statutory procedures. *See Shelton v. Mo. Baptist Med. Ctr.*, 998 S.W.2d 832, 835 (Mo.App. E.D.1999); *Eighmy v. Tandy/O'Sullivan Indus.*, 867 S.W.2d 688, 691 (Mo.App. S.D.1993). Proper notice of a dismissal for failure to prosecute under the Workers' Compensation Law can be provided in two distinct manners. First it can always be sent directly to a party by certified mail. *See* § 287.520.[4] Second, it can be sent, if coun-

3. Section 287.480.1 provides in relevant part: If an application for review is made to the commission within twenty days from the date of the award, the full commission ... shall review the evidence, or, if considered advisable, as soon as practicable hear the parties at issue, their representatives and witnesses and shall make an award and file

it in like manner as specified in section 287.470.

4. An alternative method described in section 287.520 is satisfied by serving notice "in [a] like manner as summons in civil actions." For the remainder of this opinion, we omit discussion of this method, as it seems excep-

sel represents the party, by regular mail to both the party and that party's counsel. § 287.655. "This statute does not require the notification of counsel, but merely provides for notification of counsel in the alternative." *Wilson v. 3–M*, No. WD 53943, 1998 WL 247740, at *4 (Mo.App. W.D. May 19, 1998); *Wilson v. 3–M*, 979 S.W.2d 148 (Mo. banc 1998).[5]

Here, there is no dispute that an attorney represented Phelan and that the attorney did not receive notice until more than twenty days from the order of dismissal had elapsed. While we may be able to conclude that the division mailed Phelan notice of the dismissal at an appropriate time, the record does not permit us to conclude that it was mailed in an appropriate fashion—there is no evidence that the Division sent the notice of dismissal via certified mail.

■ The regulations provide no support for the dismissal in light of the instant deficient record. The regulations provide that the Division's records "constitute prima facie evidence of the date of mailing of any notice, determination, award or other paper mailed." 8 CSR 50–2.010(12)(C). However, the regulation notes only that the Division's records will be prima facie evidence of *the date* of the mailing of the notice to the parties, but not *the type.* Here, there is no evidence that notice was sent to the attorney. Therefore, the Division was required to send notice to Phelan via certified mail. There is no evidence in the record on appeal that notice was sent via certified mail. In fact there is no statement or certificate of mailing in the record indicating when, how, and to where the ALJ's dismissal order was sent.[6] Therefore, while it is possible the notice may have been sent at an appropriate time, there is no evidence that it was sent via an appropriate method of delivery.

■ Even in the face of the complete absence of evidence concerning the sufficiency of the notice to Phelan, the Commission noted that it lacked jurisdiction to determine if dismissal was improper because the application for review was filed late. While there is no dispute that "failure to comply with the statutory time for appeal results in a lapse of jurisdiction and of the right of appeal," *Grant v. Monsanto*, 200 S.W.3d 566, 567 (Mo.App. E.D.2006), here the Commission had insufficient evidence to conclude that the time for application for review had lapsed. A corollary of the rule described above, that the twenty-day period for filing an application for review begins to run when the Division has served notice of the ALJ's decision in accordance with the statutory procedures, is that it will at times be appropriate for the Commission to take evidence to determine if the statutory procedures have, in fact, been followed. Its conclusion that it lacked jurisdiction to consider the application for review because Phelan "filed her Application for Review more than 20 days after the issuance of the Order of Dismissal" is insufficient to reach the conclusion

---

tionally cumbersome and likely rarely employed.

5. Remarkably, the statute does not require notice be sent to client's counsel. Although the legislature is at liberty to create any notice regime reasonably calculated to reach the claimant, the current system seems especially prone to the breakdown of communications. We can think of no legal or quasi-legal proceeding where a represented party's attorney is not the primary conduit of contact with the opposing party and court. *See also* Missouri Supreme Court Rule 4–4.2 (2007).

6. It is not apparent whether it is the usual practice of the Division of Workers' Compensation not to utilize a certificate of mailing so it is easily determined when the parties and attorneys are provided notice and by what manner.

that the application for review was untimely.

So far as the record is concerned, the notice provided was insufficient under the statute. The record contains "no hint" that the Division complied with the notice provisions. *Eighmy,* 867 S.W.2d at 691. Only through speculation could the Commission have concluded that the statutory notice provisions were met. *See generally Weston Transp. v. Sharp,* 926 S.W.2d 219, 222 (Mo.App. W.D.1996) (reversing and remanding the application for review to the commission; because "no evidence existed in the file to establish that notice of the hearing was sent to Employer, the Commission's findings of fact and conclusions of law are not supported by substantial and competent evidence."); *Shelton,* 998 S.W.2d at 835 (holding that the Commission's dismissal of a claimant's application for review was unsupported by the record because the record did not indicate if or when the initial notice of dismissal was mailed). The Commission, therefore, exceeded its authority in failing to exercise its jurisdiction to determine whether the application for review was timely.

Finally, it is also worthy of mention that the record is devoid of any evidence of "actual notice" to Phelan such that the apparent improper notice under sections 287.520 and 287.655 caused her no prejudice. "A party who has received actual notice is not prejudiced by and cannot complain of the failure to receive statutory notice." *Bosworth v. Sewell,* 918 S.W.2d 773, 778 (Mo. banc 1996). *See also Johnson v. Van Waters & Rogers,* 155 S.W.3d 789, 792 (Mo.App. E.D.2005). There was no evidence in the record that Phelan was aware of the dismissal until twenty days after that dismissal was drafted.

### Conclusion

We reverse and remand the cause to the Commission to consider the date and method of service of the ALJ's decision and whether the application for review was timely filed.