**Danny KNUCKLES,**
**Claimant–Appellant,**

v.

**APEX INDUSTRIES, INC.,**
**Employer–Respondent.**

No. 54941.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 27, 1988.

Stephen C. Banton, Manchester, for claimant-appellant.

Robert M. Evans, St. Louis, for employer-respondent.

CRANDALL, Presiding Judge.

Claimant, Danny Knuckles (employee), appeals from the dismissal by the Labor and Industrial Relations Commission (Commission) of his application for review of the administrative law judge's award in favor of his employer, Apex Industries, Inc. (employer). We dismiss the appeal.

The record before us reveals that employee suffered a fracture of the left tibia when he fell while running down an exit ramp on employer's premises. Employee filed a workers' compensation claim against employer as well as a claim against the Second Injury Fund. An evidentiary hearing was held before an administrative law judge (ALJ). The only issue to be resolved at that hearing was whether employee's injuries arose out of and in the course of his employment.

On March 11, 1988, the ALJ issued findings of fact and conclusions of law. The ALJ denied employee's claim against employer and dismissed employee's claim against the Second Injury Fund. In finding employee's injury noncompensable, the ALJ stated, "[T]he employee was engaged in 'horseplay' which did not arise out of or in the course of his employment...."

Employee submitted an application for review to Commission on April 19, 1988.

Commission dismissed employee's application. The Commission reasoned:

> In the instant case, employee's Application for Review was filed some nineteen days after the last date when it could have been considered timely under [Section 287.480, RSMo (1986)]. The filing of an Application for Review of an administrative law judge's award in a Workers' Compensation case within the time prescribed by the statute providing for such review is jurisdictional. (citations omitted).

The Commission subsequently denied employee's request for reconsideration.

Employee then appealed to this court, raising two points of error. Both claims related to errors made by the ALJ at the administrative hearing.

We address the procedural posture of this case. Employer asserts that employee's appeal from the ALJ's decision was not timely filed within the requisite twenty day period and was therefore properly dismissed by Commission. Section 287.480, RSMo (1986) provides in pertinent part:

> If an application for review is made to the commission within twenty days from the date of the award, the full commission, if the first hearing was not held before the full commission, shall review the evidence, or, if considered advisable, as soon as practicable hear the parties at issue, their representatives and witnesses and shall make an award and file it in like manner as specified in Section 287.-470.

■ The timely filing of an application for review of an ALJ's award in a worker's compensation case is jurisdictional and requires strict compliance. *Long v. City of Hannibal*, 670 S.W.2d 567, 569 (Mo.App. 1984). Failure to comply with the statutory time for appeal results in a lapse of jurisdiction and of the right of appeal. *See Luketich v. Krey Packing Co.*, 413 S.W.2d 29, 31 (Mo.App.1967). Although the workers' compensation law should be liberally construed in favor of employees to secure its benefits to the greatest number, *Huff v. Union Electric Co.*, 598 S.W.2d 503, 510–511 (Mo.App.1980), the procedures outlined for appeal by the statute are mandatory. *Holmes v. Navajo Freight Lines, Inc.*, 488 S.W.2d 311, 313 (Mo.App.1972).

The record before us indicates that the ALJ's decision was issued on March 11, 1988, and that employee filed his application for review to the Commission on April 19, 1988. Employee's application for review was filed 39 days after the ALJ's award, 19 days after the last date when it could have been timely filed.

Employee alleges that the Commission misled him as to when notice of review had to be filed and did not send him forms which he had requested to seek leave to file his appeal out of time.

Section 287.480 does not provide for late filing and does not carve out an exception for filing out of time either for good cause or for ignorance of the law. In addition, Commission rejected employee's request for reconsideration in which employee offered the identical reasons for his late application for review.

■ Employee's application for review was not timely filed and Commission never acquired jurisdiction to review the ALJ's award. We therefore lack jurisdiction to review employee's appeal.

APPEAL DISMISSED.

REINHARD and CRIST, JJ., concur.