Earl GRICE, Claimant–Employee–
Appellant,

v.

CITY OF ST. ROBERT, Employer–
Respondent.

No. 17601.

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 3, 1992.

Motion for Transfer
to Supreme Court Denied
Feb. 21, 1992.

---

2. The provisions of former Rule 33—Searches and Seizures—are now governed by Chapter 542, RSMo 1986.

Lawrence E. Ray, St. Robert, for claimant-employee-appellant.

R. Scott Gardner, Gardner, Gardner & Gardner, Sedalia, for employer-respondent.

PREWITT, Presiding Judge.

Appellant's claim for workers' compensation benefits was denied following a hearing before an administrative law judge. Thereafter, appellant sent an application for review to the Labor and Industrial Relations Commission. The commission dismissed the application as untimely.

Section 287.480, RSMo 1986, provides that an application for review shall be filed within twenty days from the date of the award. It also states:

> Any notice of appeal, application or other paper required under this law to be filed with the division or the commission shall, when mailed to and received by the division or the commission, be deemed to be filed as of the date endorsed by the United States post office on the envelope or container in which such paper is received.

Appellant's claim was denied by the judge on January 16, 1991. The last day for filing an application for review was February 5, 1991. On February 4, 1991, appellant's attorney sent an application for review by the Commission by United Parcel Service "Next Day Air" service. The commission received it on February 6, 1991.

Appellant contends on appeal that the commission erred in dismissing his application because "a substantial showing was made to comply with the time limit applicable in said appeal and there was no showing by the commission that any delay on receipt of said filing was the fault of the appellant."

The only exception under § 287.480 for filing outside the twenty day requirement is a properly marked mailing through the United States Postal Service; sending within that date by a private dispatching service is not timely if received by the Commission more than twenty days from the judge's decision. *Patterson v. St. Louis University Hospital*, 780 S.W.2d 106, 108 (Mo.App.1989), partially overruled on other grounds *Abrams v. Ohio Pacific Express*, 819 S.W.2d 338, (Mo. banc 1991).

*Abrams* was decided after the briefs were filed in this matter, but before oral argument. In oral argument appellant's attorney contended that by overruling *Patterson* and by following the policy of liberal construction of workers' compensation statutes stated in *Abrams,* this court should find that appellant substantially complied with the statute. The attorney stated that the delay was not due to the fault of the appellant, rather it was weather conditions which grounded a United Parcel Service flight.

Although *Abrams* does condemn statements in *Patterson* and *Penn Valley Management v. Robertson,* 724 S.W.2d 661 (Mo.App.1987), incorrectly saying that § 287.480 is to be strictly construed, and to that extent those cases were overruled, it does not pretend to affect the holding of *Patterson.* The statute is unambiguous as to the issue presented here. Thus, it need not be construed at all either liberally or strictly.[1]

■ This court should not create an exception where none is present. Where a statute has no exception courts should not engraft one by judicial legislation. *Matter of A___F___,* 760 S.W.2d 916, 918 (Mo.App. 1988). Words used in the statute must be accorded their plain and ordinary meaning. When language is plain and admits to but one meaning, there is no room for construction. *State ex rel. Missouri State Board v. Southworth,* 704 S.W.2d 219, 224 (Mo. banc 1986).

■ "Section 287.480 does not provide for late filing and does not carve out an exception for filing out of time either for good cause or for ignorance of the law." *Knuckles v. Apex Industries,* 762 S.W.2d 542, 543 (Mo.App.1988).

■ Appellant's application for review was not timely received by the commission. Further, it is not within the exception of being deemed filed as of the date endorsed by the United States Post Office on its envelope or container. The commission properly determined that it was without jurisdiction and dismissed the claim.

The order appealed from is affirmed.

CROW and PARRISH, JJ., concur.

---

1. *Abrams* allowed the use of privately controlled postage meters to satisfy the marking required by § 287.480. As the application there was sent through the United States Postal Service and the one here was not, the ultimate holding in *Abrams* is not relevant.