**Eloise MERRITT, Claimant/Appellant,**

v.

**SHONEY'S, INC., Employer/Insurer/
Respondent,**

and

**Treasurer of the State of Missouri as
Custodian of the Second Injury
Fund, Additional Party.**

No. 69494.

Missouri Court of Appeals,
Eastern District,
Division One.

July 16, 1996.

James C. Robinson, St. Louis, for appellant.

Betsy J. Levitt, Evans & Dixon, St. Louis, for respondent.

REINHARD, Presiding Judge.

Claimant appeals from the dismissal by the Labor and Industrial Relations Commission

(Commission) of her application for review of the denial of her claim for workers' compensation benefits by the administrative law judge (ALJ). We dismiss.

The record reveals that claimant, a cook for employer, slipped and fell in employer's kitchen. Claimant filed a workers' compensation claim against employer for past medical benefits and permanent partial disability as well as a claim against the Second Injury Fund (Fund). Following a hearing, the ALJ issued findings of fact and rulings of law on October 19, 1995, denying claimant's claim against employer and dismissing her claim against the Fund. The ALJ found that claimant sustained no permanent partial disability as a result of the accident and further stated:

The employer and insurer has provided to claimant all of the medical treatment that is reasonably required to cure and relieve her of the effects of the accident of October 27, 1990 at Shoney's, Inc., and claimant's claim for past medical benefits in the amount of $1,085.00 is denied.

On November 11, 1995, claimant submitted an application for review to the Commission. The Commission dismissed the application as untimely under § 287.480, RSMo 1994, which requires the application for review to be filed "within twenty days from the date of the award...."

On appeal, claimant raises two points of error relating to the findings and rulings of the ALJ denying compensation to claimant. Employer asks us to dismiss claimant's appeal for lack of jurisdiction.

 The timely filing of an application for review of an ALJ's award in a workers' compensation case is jurisdictional and requires strict compliance. *Knuckles v. Apex Industries, Inc.*, 762 S.W.2d 542, 543 (Mo. App.1988). Failure to comply with the statutory time for appeal results in a lapse of jurisdiction and of the right of appeal. *Id.* The procedures outlined for appeal by the statute are mandatory. *Id.*

Here, the ALJ's decision was issued on Thursday, October 19, 1995, and claimant filed her application on Saturday, November 11, 1995, twenty-three days after the ALJ's award. Section 287.480 does not provide for late filing and does not carve out an exception for filing out of time either for good cause or for ignorance of the law. *See id.* Because claimant's application for review was not timely filed, the Commission never acquired jurisdiction to review the ALJ's award. Thus, we lack jurisdiction to review claimant's appeal.

Appeal dismissed.

KAROHL and GRIMM, JJ., concur.