Sharon HARRIS, Respondent/Employee,

v.

PAUWELL'S TRANSFORMERS, Appellant/Employer, and Treasurer of the State of Missouri as Custodian of the Second Injury Fund, Respondent/Additional Party.

No. ED 78723.

Missouri Court of Appeals, Eastern District, Division Three.

June 12, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 26, 2001.

Application for Transfer Denied Sept. 25, 2001.

Brian M. McInnis, St. Louis, MO, for appellant.

Robert H. Sihnhold, St. Louis, MO, Attorney for Sharon Harris.

Jennifer Sommers, St. Louis, MO, Attorney for Second Injury Fund.

CRAHAN, Judge.

Appellant Pauwell's Transformers, Inc. appeals the Labor and Industrial Relations Commission's final award affirming an award of permanent total disability in favor of respondent Sharon Harris. Because the notice of appeal fails to comply with the requirements of section 287.495 RSMo 2000, we dismiss the appeal for lack of jurisdiction.[1]

The essential facts are not in dispute. On July 19, 1993, Sharon Harris ("Employee") suffered a work-related injury while under the employment of Pauwell's Transformers, Inc. ("Employer"). Employee subsequently filed a workers' compensation claim against Employer. Following a hearing, an administrative law judge ("ALJ") for the Division of Workers' Compensation awarded Employee permanent total disability as well as compensation for unpaid medical expenses and future medical care. Employer timely appealed the ALJ's award to the Labor and Industrial Relations Commission ("Commission") pursuant to section 287.480. On September 29, 2000, the Commission affirmed the ALJ's award.

October 27, 2000, Employer mailed a notice of appeal in an envelope addressed to this court. We received Employer's notice of appeal three days later and, on November 2, 2000, returned the appeal along with a letter advising Employer that its appeal "must be filed with the secretary of the Labor and Industrial Relations Commission." On November 3, 2000, Employer filed its notice of appeal with the Commission.

Employee thereafter moved to dismiss Employer's appeal, arguing Employer had filed its notice of appeal with the Commis-

---

1. Unless otherwise indicated, all statutory references are to Revised Missouri Statutes 2000.

sion after the time for appeal had expired under section 287.495. This court granted the motion to dismiss and later granted Employer's motion for rehearing, permitting this appeal to proceed.

■ Employee contends this court lacks jurisdiction over Employer's appeal as the notice of appeal was filed after the time for appeal had expired. Section 287.495.1 details the procedure for appealing Commission awards and states in relevant part:

> The final award of the commission shall be conclusive and binding unless either party to the dispute shall, within thirty days from the date of the final award, appeal the award to the appellate court. The appellate court shall have jurisdiction to review all decisions of the commission pursuant to this chapter where the division has original jurisdiction over the case.... Such appeal may be taken by filing notice of appeal with the commission, whereupon the commission shall, under its certificate, return to the court all documents and papers on file in the matter, together with a transcript of the evidence, the findings and award, which shall thereupon become the record of the cause.

In the present appeal, the Commission entered its final award on September 29, 2000. Under section 287.495, Employer had until October 30, 2000 to file its notice appeal with the Commission.

As detailed above, Employer mistakenly filed its notice of appeal directly with this court on October 27, 2000. We returned the appeal, and Employer filed its notice of appeal with the Commission on November 3, 2000, more than thirty days from the date of the Commission's final award. Employer argues its appeal is nonetheless timely because the notice of appeal "is deemed to have been filed [with] the [Commission] when it was mailed [to the court

of appeals] on October 27, 2000." We disagree.

Employer relies upon *Hoenig v. Corrigan Bros., Inc.,* 983 S.W.2d 526 (Mo.App. 1998), in support of this proposition. In *Hoenig,* an employer appealed the Commission's November 4, 1997 award of workers' compensation to an injured employee. *Id.* at 527. On December 4, 1997, employer mailed its notice of appeal to "3315 West Truman Boulevard, P.O. Box 58, Jefferson City, MO 65102." *Id.* at 527–28. This was the address for the Division of Workers' Compensation, not the Commission. *Id.* The Division file-stamped the date of December 8, 1997 on the notice of appeal and forwarded it to the Commission. *Id.*

At issue in *Hoenig* was whether employer's appeal was filed on December 4 or December 8, 1997. Under section 287.495, employer had until December 4, 1997 to file its notice of appeal. *Id.* at 528. The court noted, however, that section 287.480 further provides that any notice of appeal required to be filed with the division or the commission, *"when mailed to ... and received by the division or the commission,"* will be deemed to be filed as of the date endorsed by the United States post office. (emphasis added). Inasmuch as the notice of appeal was, in fact, mailed to and received by "the division or the commission," the date of mailing was the operative date and the appeal was held timely.

Employer argues October 27, 2000, the date it mailed the notice of appeal to the court of appeals, constitutes the filing date under section 287.495. We disagree. By its express terms, section 287.480 provides that the date of mailing shall be the date of filing only as to notices of appeal "mailed to ... and received by the division or the commission." In this case, the notice of appeal mailed by Employer on October 27, 2000 was neither mailed to nor received by

the division or the Commission. The only notice of appeal filed with the division or the Commission was the notice employer filed on November 3, 2000, which was more than thirty days from the date of the Commission's award.

Appellate courts must give effect to statutes as they are written. *Rose v. Falcon Communications, Inc.,* 6 S.W.3d 429, 431 (Mo.App.1999). Section 287.495 provides that an appeal from the final award of the Commission "may be taken by filing notice of appeal with the commission" within thirty days from the date of the final award. "The procedures outlined for appeal by the statute are mandatory." *Merritt v. Shoney's, Inc.,* 925 S.W.2d 494, 495 (Mo.App.1996) (interpreting section 287.480). "Failure to comply with the statutory time for appeal results in a lapse of jurisdiction and of the right of appeal." *Id.* Employer filed its notice of appeal with the Commission on November 3, 2000, more than thirty days from the date of the Commission's final award. Accordingly, we lack jurisdiction over Employer's appeal.

Appeal dismissed.

GARY M. GAERTNER, SR., P.J., Concurs.

GEORGE W. DRAPER III, J., Concurs.