Willie MALONE, Plaintiff/Appellant,

v.

TREASURER OF THE STATE of Missouri as Custodian of the Second Injury Fund, Defendant/Respondent.

No. ED 80022.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 16, 2002.

Plia D. Lippman, St. Louis, MO, for respondent.

Richard Barry III, The Law Offices of Rick Barry P.C., St. Louis, MO, for appellants.

SHERRI B. SULLIVAN, Presiding Judge.

## Introduction

Willie Malone (Appellant) appeals from the Order Dismissing Application for Review entered by the Labor and Industrial Relations Commission (Commission). We dismiss the appeal.

## Facts and Proceedings Below

On January 15, 1997, Trans World Airlines (Employer) employed Appellant as a baggage handler when he injured himself by falling down jetway steps. On December 12, 2000, Appellant and Employer agreed to resolve Appellant's primary claim, Injury No. 97–002198, and filed four copies of a Stipulation for Compromise Settlement (Stipulation) with the Commission that was approved and signed by Associate Administrative Law Judge Louise Tutt (Judge Tutt). Appellant, Appellant's counsel, and Employer's counsel all signed the Stipulation.

One copy of the Stipulation includes a handwritten notation indicating that Employee's claim against the Second Injury Fund was dismissed. More specifically, that copy contains the word "dismissal" handwritten next to the typewritten "8. That the SECOND INJURY FUND is making a payment of $ _____," along with the handwritten initials "LTT," which the parties agree are the initials of Judge Tutt. The other three copies of the Stipulation, including the copies retained by Appellant's counsel and Employer's counsel do not contain these handwritten notations. In other words, line number eight (8) on those copies is left blank. All four copies of the Stipulation contain Appellant's initials after the "ADDITIONAL COMMENTS" paragraph that includes the following language: "that EMPLOYER/INSURER and/or SECOND INJURY FUND is/are released from all liability for this accident/disease upon approval by the Administrative Law Judge. .... By initialing the following line, EMPLOYEE indicates full awareness of the consequences of this settlement as set out above....."

On December 12, 2000, Administrative Law Judge William Newcomb, Jr. (Judge Newcomb) entered an Order of Dismissal, notifying the parties in this case that the Claim for Compensation against the Second Injury Fund was voluntarily dismissed by Employee. The Order of Dismissal indicated it was with prejudice, and was mailed to counsel for Appellant, Employer, and the Second Injury Fund. Appellant's counsel contends that he received the Order of Dismissal subsequent to December 20, 2000, and did not receive any documentation "indicating or verifying the alleged 'voluntary dismissal' by [Employee], other than the notation on the Stipulation by Judge Tutt."

In February 2001, Appellant mistakenly filed a Motion to Set Aside Order of Dismissal with the Division of Workers' Compensation (Division), instead of the Commission. On April 20, 2001, Appellant filed a Motion to Set Aside Order of Dismissal (Motion to Set Aside Dismissal) with the Commission, alleging that he never intended to dismiss his claim against the Second Injury Fund. The Second Injury Fund filed a Motion in Opposition to Appellant's Motion to Set Aside Dismissal, relying upon the handwritten and initialed refer-

ence of dismissal in the Stipulation, as well as the Order of Dismissal issued by Judge Newcomb.

On May 11, 2001, the Commission entered an order which construed Appellant's Motion to Set Aside Dismissal as an Application for Review. In that order, the Commission remanded the matter to the Division for an evidentiary hearing to fully develop the facts surrounding whether the Commission had jurisdiction to consider Appellant's Application for Review, including when Appellant received the Order of Dismissal, the allegations raised in Appellant's Application for Review, as well as the Second Injury Fund's objection.

On July 10, a hearing was held before Chief Administrative Law Judge Jennifer Schwendemann (Judge Schwendemann). On July 20, the Commission entered an order dismissing Appellant's Application for Review. The Commission found that it lacked jurisdiction to hear Appellant's Application for Review because it was not filed within 20 days of December 12, 2000, the date of the award, and Section 287.480 [1] makes no provision or excuse for failure to timely file an application for review due to good cause or ignorance of the law. This appeal follows.

### Jurisdiction

The timely filing of an Application for Review in a Worker's Compensation case is jurisdictional and requires strict compliance with the statutory requirements. *Patterson v. St. Louis University Hosp.*, 780 S.W.2d 106, 108 (Mo. App. E.D.1989). Failure to comply with the statutory time for appeal results in a lapse of jurisdiction and of the right of appeal. *Id.* Although the Worker's Compensation law should be liberally construed in favor of employees, it has been consistently held that a literal and strict construction of the limitation statute is re-

quired. *Id.* The procedures outlined for appeal by the statute are mandatory. *Knuckles v. Apex Industries, Inc.*, 762 S.W.2d 542, 543 (Mo.App. E.D.1988).

Section 287.480 provides:

**Application for review, time limit— when deemed filed**

1.  If an application for review is made to the commission within twenty days from the date of the award, the full commission, if the first hearing was not held before the full commission, shall review the evidence, or, if considered advisable, as soon as practicable hear the parties at issue, their representatives and witnesses and shall make an award and file it in like manner as specified in section 287.470.

The record before us indicates that the Order of Dismissal was handed down by Judge Newcomb on December 12, 2000. Appellant filed his Motion to Set Aside Dismissal with the Commission on April 20, 2001, well beyond the 20 day time period. Appellant's Motion to Set Aside Dismissal was not timely filed and the Commission never acquired jurisdiction to review the award. Although we acknowledge that the statute's failure to allow for late filings attributable to good cause may result in hardship, Appellant's recourse must be to the legislature, not the courts. We lack jurisdiction to review Appellant's appeal.

### Conclusion

Appellant's appeal is dismissed.

LAWRENCE G. CRAHAN, J., and LAWRENCE E. MOONEY, J., concur.