**William D. MILLER (deceased) and Myrtle Kamrowski, Claimant/Appellant,**

v.

**MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Respondent.**

**No. ED 81584.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Aug. 27, 2002.

Charles E. Rendlen, III, Hannibal, MO, for appellant.

Jeffrey W. Wright, St. Louis, MO, for respondent.

LAWRENCE E. MOONEY, Chief Judge.

Myrtle Kamrowski, the claimant, filed a notice of appeal with the Labor and Industrial Relations Commission. She has also

filed a motion to file appeal out of time. Because the notice of appeal is untimely, we dismiss the appeal. We also deny the claimant's motion to file the appeal out of time.

The claimant sought workers' compensation death benefits after her son, William D. Miller, was fatally injured in a work-related accident while working on a bridge for the employer, Missouri Highway and Transportation Department. The Commission issued its award of partial death benefits on June 28, 2002.

The claimant filed a notice of appeal with the Commission on July 31, 2002. Claimant included a motion to file her appeal out of time, which the Commission forwarded to this Court.

Claimant's notice of appeal is untimely. Under section 287.495, RSMo 2000, claimant's notice of appeal was due within thirty days of the date of the final award of the Commission. Because the award was issued on June 28, 2002, the notice of appeal was due on Monday, July 29, 2002. Section 287.480, RSMo 2000. Employer filed a timely notice of appeal on July 29, 2002, which was assigned Appeal No. 81583. Claimant did not file her notice of appeal, however, until July 31, 2002, which is clearly untimely.

In a workers' compensation case there is no mechanism to seek a special order for a late notice of appeal under Rule 81.07 or to file a cross-appeal under Rule 81.05(b). *Otte v. Langley's Lawn Care*, 66 S.W.3d 64, 68–69 (Mo.App. E.D.2001). Failure to file an appeal in compliance with the time requirements of section 287.495 leaves this court without jurisdiction to entertain the appeal. *Id.* at 69. Accordingly, we have no jurisdiction to consider claimant's appeal, which must be dismissed. Claimant's

motion to file her appeal out of time is also denied.

Appeal dismissed.

LAWRENCE G. CRAHAN, J., and ROBERT G. DOWD, JR., J., concur.