Silva MEYBATYAN,
Claimant/Appellant,

v.

WEBSTER UNIVERSITY, Respondent.

No. ED 83295.

Missouri Court of Appeals,
Eastern District,
Division Five.

Dec. 23, 2003.

Silva Meybatyan, St. Louis, pro se.

John Palombi, St. Louis, MO, for Respondent.

SHERRI B. SULLIVAN, Chief Judge.

Silva Meybatyan (Claimant) appeals from a final award of the Labor and Industrial Relations Commission (Commission) dismissing her application for review. We dismiss the appeal for lack of jurisdiction.

On April 29, 2003, an administrative law judge (ALJ) issued an award denying Claimant's claim for workers' compensation benefits. Claimant filed an application for review with the Commission on May 28, 2003. The Commission dismissed her application, concluding it was untimely under Section 287.480.[1] Claimant filed a notice of appeal to this Court.

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.

Section 287.480 provides a claimant with twenty (20) days from the date of the ALJ's award to file an application for review with the Commission. Therefore, Claimant's application for review was due on May 19, 2003. She did not file her application until May 28, 2003, and it was untimely. We issued an order directing Claimant to show cause why this appeal should not be dismissed for lack of jurisdiction. Claimant failed to file a response.

The timely filing of an application for review in a workers' compensation case is jurisdictional and requires strict compliance with the statutory requirements. *Malone v. Treasurer of State*, 72 S.W.3d 608, 610 (Mo.App. E.D.2002). Failure to comply with the statutory time for appeal results in a lapse of jurisdiction and of the right of appeal. *Patterson v. St. Louis University Hosp.*, 780 S.W.2d 106, 108 (Mo.App. E.D.1989). The procedures outlined for appeal by the statute are mandatory. *Malone*, 72 S.W.3d at 610.

An untimely application for review divests the Commission and this Court of jurisdiction. *McCuin Phillips v. Clean–Tech*, 34 S.W.3d 854, 855 (Mo.App. E.D. 2000). Accordingly, we have no jurisdiction to consider Claimant's appeal, which must be dismissed.

LAWRENCE E. MOONEY, J., and GEORGE W. DRAPER III, J., concur.