Shameika GILMORE–VANN,
Claimant/Appellant,

v.

AT & T CORPORATION, Respondent.

No. ED 84588.

Missouri Court of Appeals,
Eastern District,
Division Five.

Aug. 24, 2004.

Shameika Gilmore–Vann, Smyrna, GA, for Appellant.

Christopher T. Archer, St. Louis, MO, for Respondent.

GEORGE W. DRAPER III, Chief Judge.

Shameika Gilmore–Vann (Claimant) appeals the Labor and Industrial Relations Commission's (Commission) award dismissing her application for review. We dismiss the appeal for lack of jurisdiction.

After falling down the stairway at her office and injuring her back, Claimant filed a claim for compensation with the Division of Workers' Compensation (Division). On April 25, 2002, an Administrative Law Judge (ALJ) awarded her permanent partial disability benefits of 12½ percent body as a whole for injury to her back. On April 6, 2004, almost two years later, Claimant filed an application for review with the Commission, challenging the ALJ's findings regarding past medical costs and future medical care. The Commission dismissed the application, concluding it was untimely under section 287.480, RSMo 2000. Claimant appealed.

■ Section 287.480, RSMo 2000 requires a claimant to file an application for review "within twenty days from the date of the [ALJ's] award. . . ." This time limit is jurisdictional and requires strict compliance. *Merritt v. Shoney's, Inc.,* 925 S.W.2d 494, 495 (Mo.App. E.D.1996). Failure to comply with it divests both the Commission and this Court of jurisdiction. *Meybatyan v. Webster University,* 122 S.W.3d 726, 727 (Mo.App. E.D.2003).

■ Noting that claimant filed her application for review almost two years after the ALJ's award, this Court ordered her to show cause why this appeal should not be dismissed for lack of jurisdiction. In her response, she asserts she did not file within the twenty day time limitation because an employee of the Division advised her not to appeal to the Commission and, having no attorney, she relied on that advice. She also asserts the Division employee incorrectly informed her that Social Security would pay for her future medical care. She also avers without further explanation that she was legally incompetent.

■ Section 287.480 does not provide for late filing or carve out an exception for late filing attributable to either good cause or ignorance of the law. *Merritt,* 925 S.W.2d at 495. Because Claimant's application for review was not timely filed, the Commission never acquired jurisdiction to review the ALJ's award. *Id.* As our jurisdiction derives from that of the Commission, we also lack jurisdiction. *Phillips v. Clean–Tech,* 34 S.W.3d 854, 855 (Mo.App. E.D.2000).

■ Alternatively, she argues the Commission had jurisdiction because she experienced a change of condition in that she gained 100 pounds and her injury worsened. However, section 287.460, RSMo 2000, only provides the Commission with jurisdiction to modify an award due to a change of condition before payment of the award or before the expiration of the time during which the award is to be paid, whichever is later. *See, Pratt v. MFA, Inc.,* 67 S.W.3d 697, 700 (Mo.App. S.D. 2002); *Yokel v. Beta Corp.,* 615 S.W.2d 78, 80 (Mo.App. E.D.1981). Claimant does not allege the award has not been paid. In addition, her period of disability (50 weeks) has run, and the Commission no longer has any jurisdiction to consider her claim of change of condition.

We dismiss Claimant's appeal for lack of jurisdiction.

GLENN A. NORTON, J., and BOOKER T. SHAW, J., concur.