**James C. MANSFIELD,
Claimant/Respondent,**

v.

**TG MISSOURI CORPORATION,
Employer/Appellant.**

**No. ED 84927.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Nov. 16, 2004.

Dale M. Weppner, Eric Kukowski, Clayton, MO, for appellant.

Joseph Webb, Perryville, MO, for respondent.

GEORGE W. DRAPER, III, Chief Judge.

TG Missouri Corporation (Employer) appeals the Labor and Industrial Relations Commission's award of workers' compensation benefits to employee James Mansfield. Because Employer's notice of appeal was untimely, we dismiss the appeal.

Under section 287.495, RSMo 2000, Employer's notice of appeal was due within thirty (30) days of the date of the final award of the Commission. Here, the date of the Commission's award was July 6, 2004. Therefore, Employer's notice of appeal was due thirty (30) days later on August 5, 2004. Section 287.495.

Employer sent a notice of appeal, which the Commission received on August 6, 2004. The notice of appeal was sent by Federal Express on August 5, 2004. The only exception for filing outside the thirty days is if the notice of appeal is endorsed by the United States post office. Section 287.480, RSMo 2000. However, this exception does not apply when the notice is sent by a private dispatching service and not the United States post office. *Patterson v. St. Louis University Hosp.*, 780 S.W.2d 106, 108 (Mo.App. E.D.1989), *partially overruled on other grounds Abrams v. Ohio Pacific Express,* 819 S.W.2d 338 (Mo. banc 1991); *See also, Grice v. City of*

St. Robert, 824 S.W.2d 470 (Mo.App. S.D. 1992). Therefore, Employer's notice of appeal was considered filed the date it was received, August 6, 2004.

We issued an order directing Employer to show cause why its appeal should not be dismissed as untimely. Employer agrees its notice of appeal was sent by Federal Express on August 5, 2004 and asks this Court to consider this shipping date as the date of filing. Employer contends there is no difference between mailing something via the United States mail or by a private overnight carrier. Employer further argues that the exception in 287.480 should be construed liberally and thus, should apply to a private overnight carrier. However, this argument was rejected by the Southern District of the Missouri Court of Appeals in Grice. Id. at 472. As stated in Grice, the appellate court may not create an exception by judicial fiat where none is present. Id. Here, there is no exception for sending a notice of appeal by a private service.[1] Although Employer's argument is compelling, the workers' compensation statutes are very specific on this issue. Because no exception applies, the notice of appeal was not timely received by the Commission.

■ Failure to comply with the statutory time for appeal results in a lapse of jurisdiction and of the right of appeal. King v. Chrysler Corp., 91 S.W.3d 696, 698 (Mo.App. E.D.2002). Moreover, in a workers' compensation case there is no mechanism to seek a special order for a late notice of appeal under Rule 81.07. Miller v. Missouri Highway and Transp. Com'n, 84 S.W.3d 133, 134 (Mo.App. E.D.2002).

Therefore, our only recourse is to dismiss the Employer's appeal.

The appeal is dismissed.

LAWRENCE G. CRAHAN and GLENN A. NORTON, JJ.

---

1. For example, in the federal courts, Federal Rule of Appellate Procedure 25(c) provides that service may be accomplished by mail or by "third-party commercial carrier." Any change, however, in section 287.480 must be accomplished by an amendment to the workers' compensation statute by the legislature.