Garrett JOHNSON,
Employee/Appellant,

v.

VAN WATERS & ROGERS,
Employer/Respondent.

No. ED 84491.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 25, 2005.

Harry James Nichols, Stephen G. Kaludis, Co–Counsel, St. Louis, MO, for appellant.

Jennifer Ann Baumann, St. Louis, MO, for respondent.

SHERRI B. SULLIVAN, J.

### Introduction

Garrett Johnson (Employee) appeals from an Order Dismissing Application for Review (Order) entered by the Labor and Industrial Relations Commission (Commission) dismissing his Motion to Set Aside Dismissal as untimely filed. We dismiss the appeal for lack of jurisdiction.

### Factual and Procedural Background

On August 6, 1999, Employee filed with the Division of Workers' Compensation (Division) a Claim for Compensation, to which Van Waters & Rogers (Employer) filed an answer. On January 13, 2003, a Division Administrative Law Judge (ALJ) entered an Order of Dismissal with Prejudice for failure to prosecute Employee's claim. The Order of Dismissal indicated that an application for review may be filed

with the Commission within twenty days of the date of the Order of Dismissal.

On February 13, 2004, Employee filed with the Commission a Motion to Set Aside Dismissal, to which Employer filed a response. The Commission treated the Motion to Set Aside Dismissal as an application for review. On March 26, 2004, the Commission entered its Order dismissing the application for review.

The Commission found that Employee alleged no reason for his failure to file an application for review within twenty days of receiving actual notice of the dismissal and that Employee alleged no facts to support a finding that the application for review was timely. Accordingly, the Commission concluded that Employee's application for review was not within the jurisdiction of the Commission to consider. Employee appeals from the Order.

### Discussion

Employee raises two points on appeal. We address his second point first, as it raises a jurisdictional issue and is dispositive of his appeal. In his second point, Employee argues that the Commission erred in dismissing his application for review because there was no evidence in the record that conclusively demonstrated that the application for review was not filed within the statutory time limit.

■ An order of dismissal is deemed an award and subject to review and appeal in the same manner as provided for other awards under workers' compensation law. Section 287.655.[1] The proper avenue for review of a dismissal for failure to prosecute is by filing an application for review with the Commission within twenty days of the award date. Section 287.480.1; *State ex rel. Doe Run Co. v. Brown*, 918 S.W.2d 303, 307 (Mo.App. E.D.1996). Section

287.480 does not provide for late filing and does not carve out an exception for filing out of time either for good cause or for ignorance of the law. *Merritt v. Shoney's Inc.*, 925 S.W.2d 494, 495 (Mo.App. E.D. 1996).

■ We conclude that the record sufficiently demonstrates that Employee did not file his Motion to Set Aside Dismissal within the statutory time limit. First, Employee attached to his Motion to Set Aside Dismissal a Failure to Prosecute Dismissal Memorandum signed by the ALJ on January 10, 2003, which indicated that Employee's "attorney appeared." In its Order, the Commission found that Employee's attorney was present at the January 10, 2003 hearing before the ALJ for consideration of Employee's alleged failure to prosecute his claim. Employee notes that the memorandum was not signed by his attorney; however, the form does not include a signature line for an employee's attorney.

Second, the Order of Dismissal states that Employee's attorney was notified of the dismissal at his current address. The Order of Dismissal also states: "Notice to Show Cause Why Claim Should Not Be Dismissed and of the hearing date was properly sent to all parties according to the provisions of Sections 287.520 and 287.655, RSMo. and 8 CSR 50–2.010. . . ." In his Motion to Set Aside Dismissal, Employee alleged that the Division did not mail a copy of the Order of Dismissal to Employee or his attorney. The records of the Division constitute prima facie evidence of the date of mailing of any notice, determination, award or other paper mailed pursuant to Chapter 287, RSMo. 8 C.S.R. 50–2.010(12)(c). Employee presented no evidence to support his allegation or rebut the presumption that the Division

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.

properly notified the parties of the dismissal.

 Even if we believed Employee that neither he nor his attorney received proper statutory notice of the dismissal, we nonetheless conclude that Employee is not entitled to relief. A party who has received actual notice is not prejudiced by and cannot complain of the failure to receive statutory notice. *Mosby v. Treasurer of State of Missouri*, 954 S.W.2d 11, 13 (Mo.App. E.D.1997).

In his Motion to Set Aside Dismissal, Employee states:

> Later, upon contacting the Division's office to inquire regarding setting status, [Employee's attorney] was then advised that this claim had been dismissed. On 7/21/03 [Employee's attorney] requested a copy of the Division's file and the Division sent notice that the file had been copied on 8/21/03.

In his brief, Employee states that the "copying bill from the Division was paid on September 18, 2003 ... and, sometime thereafter, [Employee's attorney] became aware of the fact that the cause had been dismissed."

We find these statements to be sufficient admissions by Employee that he received actual notice of the Order of Dismissal more than twenty days prior to his filing the Motion to Set Aside Dismissal, and therefore the motion, treated as an application for review, was untimely filed.

 The procedures outlined for appeal in workers' compensation cases are mandatory. *Merritt*, 925 S.W.2d at 495. The timely filing of an application for review in a workers' compensation case is jurisdictional and requires strict compliance with the statutory requirements. *Id.*

Failure to comply with the statutory time for appeal results in a lapse of jurisdiction and of the right of appeal. *Id.*

Because Employee's application for review was untimely filed, the Commission never acquired jurisdiction to review the Order of Dismissal. Thus, we lack jurisdiction to review Employee's appeal.[2]

### Conclusion

Employee's appeal is dismissed for lack of jurisdiction.

GARY M. GAERTNER, P.J., and BOOKER T. SHAW, J., concur.

---

**2.** In light of our ruling on Employee's point two on appeal, we need not address his point one on appeal, which speaks to the merits of the dismissal.