**Larry SUTTON, Claimant/Respondent,**

v.

**VEE JAY CEMENT CONTRACTING CO., Employer/Appellant.**

**No. ED 85689.**

Missouri Court of Appeals,
Eastern District,
Division Five.

April 19, 2005.

Dale E. Gerecke, Cape Girardeau, MO, for Appellant.

Harry J. Nichols, William R. Gallagher, St. Louis, MO, for Respondent.

GEORGE W. DRAPER III, Chief Judge.

Vee Jay Cement Contracting Company (Employer) appeals the Labor and Industrial Relations Commission's award of

workers' compensation benefits to employee Larry Sutton. Because Employer's notice of appeal was untimely, we dismiss the appeal.

Under section 287.495, RSMo 2000, Employer's notice of appeal was due within thirty (30) days of the date of the final award of the Commission. Here, the date of the Commission's award was December 7, 2004. Therefore, Employer's notice of appeal was due thirty (30) days later on January 6, 2005. Section 287.495.

Employer sent a notice of appeal, which the Commission received on January 7, 2005. The notice of appeal was sent by Federal Express on January 5, 2005. The only exception for filing outside the thirty days is if the notice of appeal is endorsed by the United States post office. Section 287.480, RSMo 2000. However, this exception does not apply when the notice is sent by a private dispatching service and not the United States post office. *Mansfield v. TG Missouri Corp.*, 149 S.W.3d 895, 896 (Mo.App. E.D.2004); *See also, Patterson v. St. Louis University Hosp.*, 780 S.W.2d 106, 108 (Mo.App. E.D. 1989), *partially overruled on other grounds Abrams v. Ohio Pacific Express*, 819 S.W.2d 338 (Mo. banc 1991); *Grice v. City of St. Robert*, 824 S.W.2d 470 (Mo. App. S.D.1992). Therefore, Employer's notice of appeal was considered filed the date it was received, January 7, 2005.

We issued an order directing Employer to show cause why its appeal should not be dismissed as untimely. Employer agrees its notice of appeal was sent by Federal Express on January 5, 2005 and should have been delivered on the due date of January 6, 2005. However, due to a routing error committed by Federal Express, the package was not delivered to the Commission in Jefferson City until January 7, 2005, one day out of time. Employer asks us to consider this as good cause, because the circumstances for late filing

were beyond its control. However, there is no exception to section 287.495 for late filing for "good cause." *Compare, Grice*, 824 S.W.2d at 472 (no provision for filing out of time for good cause or ignorance of law under section 287.480). Although we can sympathize with Employer's plight, we are bound by the fact there is no statutory exception for late filing based on "good cause" in section 287.495. Because no exception applies, the filing date is considered the date the notice of appeal was received on January 7, 2005, which was untimely. Our only recourse is to dismiss the Employer's appeal. *Miller v. Missouri Highway and Transp. Com'n*, 84 S.W.3d 133, 134 (Mo.App. E.D.2002).

The appeal is dismissed.

LAWRENCE G. CRAHAN, J., and GLENN A. NORTON, J., concur.