Estelle **BRECKLE**, Appellant,

v.

**TREASURER OF the STATE of Missouri, Custodian of the Second Injury Fund, Respondent,**

and

**Ann J. Harrison and Lynn M. Link, as Co–Personal Representatives of the Estate of Harry J. Nichols, Respondents.**

No. ED 104917

Missouri Court of Appeals, Eastern District, DIVISION TWO.

Filed: April 18, 2017

Estelle Breckle, Hazelwood, MO, Acting Pro Se, for Appellant.

Steven A. Trefts, St. Louis, MO, for Respondents Harrison and Link.

SHERRI B. SULLIVAN, P.J.

## Introduction

Estelle Breckle (Breckle) appeals from the decision of the Labor and Industrial Relations Commission (Commission) ordering the Treasurer of the State of Missouri, Custodian of the Second Injury Fund (SIF), to direct payments of attorney fees on her disability benefits award to The Nichols Living Trust in the event her attorney predeceases her. We reverse and remand.

## Factual and Procedural Background

On November 15, 1996, the Commission awarded Breckle permanent total disability benefits from the SIF. The Commission ordered an attorney fees lien of 25 percent of Breckle's compensation award in favor of her attorney Harry J. Nichols (Nichols).

On June 27, 2016, Nichols filed a request with the Commission to direct the SIF to pay the attorney fees to The Nichols Living Trust in the event Nichols predeceased Breckle.

On July 13, 2016, the Commission issued an Order to Show Cause directing all interested parties to show cause within 30 days why the Commission should not grant the request. The Commission received no response and, on September 7, 2016, the Commission issued an order granting Nichols' request and directed the SIF to pay any attorney fees pursuant to the November 15, 1996 award to The Nichols Living Trust.

On September 26, 2016, Breckle filed a Motion to Vacate the September 7, 2016 Order. In the motion, Breckle acknowledged the Commission sent the Order to Show Cause to her house via certified mail and records indicate the United State Postal Service left the item with an "individual." Breckle asserted, however, she did not receive the Order to Show Cause and

first became aware of Nichols' request on September 17, 2016, upon her receipt of the September 7, 2016 Order granting Nichols' request. Breckle requested the Commission vacate the September 7, 2016 Order and allow her time to respond and object to Nichols' request.

On October 5, 2016, the Commission issued an Order stating it was not ruling Nichols was legally entitled to continue receiving attorney fees in the event he predeceased Breckle, but it was correcting and clarifying its prior order and ordering attorney fees due Nichols under the award be paid to The Nichols Living Trust if he, in fact, predeceased Breckle. The Commission denied Breckle's Motion to Vacate without further comment. The same day, the Commission issued a separate Correcting Order directing the SIF to pay any attorney fees pursuant to the November 15, 1996 award to The Nichols Living Trust if Nichols predeceased Breckle. This appeal follows.

### Point on Appeal

On appeal, Breckle argues the Commission erred in denying her Motion to Vacate and granting Nichols' request to alter the attorney fees payee after his death because she did not receive notice of the Commission's Order to Show Cause and was unaware of Nichols' request until her receipt of the September 7, 2016 Order granting Nichols' request.

### Standard of Review

Pursuant to Section 287.495.1,[1] on appeal this Court may modify, reverse, remand or set aside the Commission's award if: (1) the Commission acted without or in excess of its powers, (2) the award was procured by fraud, (3) the facts found by the Commission do not support the award, or (4) there was not sufficient competent evidence in the record to warrant the making of the award.

 On review, this Court examines the record as a whole to determine if the award is supported by sufficient competent and substantial evidence, or whether the award is contrary to the overwhelming weight of the evidence. Hampton v. Big Boy Steel Erection, 121 S.W.3d 220, 222–23 (Mo. banc 2003). While we review questions of law de novo, we defer to the Commission on issues of fact. Townser v. First Data Corp., 215 S.W.3d 237, 241 (Mo. App. E.D. 2007). The Commission is the sole judge of the weight of the evidence and the credibility of the witnesses, which includes the weight to be given expert opinions. George v. City of St. Louis, 162 S.W.3d 26, 30 (Mo. App. E.D. 2005). We do not, however, view the evidence in the light most favorable to the Commission's award. Hampton, 121 S.W.3d at 222–23.

### Discussion

Section 287.520 [2] provides:

1. Any notice required under this chapter shall be deemed to have been properly given and served when sent by registered or certified mail properly stamped and addressed to the person or entity to whom given, at the last known address in time to reach the person or entity in due time to act thereon, or to counsel for that person or entity in like manner. Notice may also be given and served in like manner as summons in civil actions.

2. Notwithstanding the provisions of subsection 1 of this section, the division may serve or send any notices required under this chapter by electronic means,

1. RSMo 2000.

2. RSMo Supp. 2012.

except that any notices required to be sent to an employee not represented by counsel shall be sent by registered or certified mail to the last known address of the employee unless the employee consents to receive notices by electronic means. In the event the employee is represented by counsel and counsel is sent proper notice under this chapter, notice to the employee may be sent by regular mail.

■■■ Records of the Division constitute prima facie evidence of the date of mailing of notice pursuant to Chapter 287. 8 C.S.R. 50–2.010(12)(c); Johnson v. Van Waters & Rogers, 155 S.W.3d 789, 791 (Mo. App. E.D. 2005). Compliance with the statutory notice provision creates a rebuttable presumption the Commission properly notified the parties. Johnson, 155 S.W.3d at 791–92 (employee presented no evidence at the hearing to support his allegation or rebut the presumption the Division properly notified the parties of the dismissal).

There is a presumption that a letter duly mailed has been received by the addressee. . . . When proof of proper mailing is adduced, the presumption may be rebutted by evidence showing that the mailing was not received. . . Evidence of non-receipt does not nullify the presumption but leaves the question for the determination of the finder of fact under all the facts and circumstances of the case[.]

Clear v. Missouri Coordinating Bd. for Higher Educ., 23 S.W.3d 896, 900 (Mo. App. E.D. 2000). See also Ins. Placements, Inc. v. Utica Mut. Ins. Co., 917 S.W.2d 592, 595 (Mo. App. E.D. 1996) and Cohn v. Missouri Terminal Oil Co., 590 S.W.2d 381, 383 (Mo. App. E.D. 1979) ("Proof of proper mailing creates a rebuttable presumption of receipt by the addressee and proof to the contrary creates a jury issue.").

■■■ Here, the Division records pertaining to the mailing of the notice are not before this Court. However, Breckle does not contest the Commission complied with Section 287.520 by mailing the Order to Show Cause to her home address via certified mail. In her Motion to Vacate the September 7, 2016 Order and accompanying letter to the Commission, Breckle repeatedly alleged facts purporting to show she did not actually receive the certified mailing. The Commission inexplicably denied Breckle's Motion to Vacate, and her allegations contained therein, without comment. The Commission must consider Breckle's allegations she did not receive notice of the Order to Show Cause before denying her Motion to Vacate and entering a potentially adverse order affecting her disability benefits. Without a finding by the Commission as to the truth or falsity of Breckle's allegations, the Commission's October 5, 2016 Order denying Breckle's Motion to Vacate is not supported by sufficient competent evidence in the record. See Ross v. Safeway Stores, Inc., 738 S.W.2d 611, 616–17 (Mo. App. S.D. 1987) (Commission decision denying application for review without factual determination by the Commission as to claimant's allegations of good cause for failure to appear is not supported by sufficient competent evidence in the record).

If Breckle presents evidence rebutting the presumption of proper notification, the Commission must make a factual finding as to the notice issue. If the Commission finds insufficient notice, the Commission must vacate and set aside its September 7, 2016 Order and afford Breckle a reasonable opportunity to be heard on the merits of Nichols' request.

The Commission's October 5, 2016 Order denying Breckle's Motion to Vacate is reversed, and the claim is remanded to the Commission with directions that an eviden-

tiary hearing be held to determine the facts surrounding Breckle's failure to respond to the Commission's Order to Show Cause. Breckle's point on appeal is granted.[3]

### Conclusion

The Commission's Order is reversed and the cause remanded for further proceedings consistent with this opinion.

Roy L. Richter, J., and Colleen Dolan, J., concur.

---

**3.** Breckle's Motions to Strike Respondent's Brief and Appendix and Request for Oral Argument are denied.