

# In the Missouri Court of Appeals
# Eastern District

### DIVISION ONE

TAMAR GODFREY,                          )        No. ED111833
                                        )
    Appellant,                          )        Appeal from the Labor and
                                        )        Industrial Relations Commission
vs.                                     )
                                        )
METROPOLITAN ST. LOUIS                   )        Injury No.: 15-107658
SEWER DISTRICT,                          )
                                        )
    Respondent.                         )        Filed:  April 23, 2024

Tamar Godfrey ("Claimant") appeals the decision of the Labor and Industrial Relations

Commission ("the Commission") affirming the decision of the Division of Workers'

Compensation ("the Division") dismissing Claimant's workers' compensation claim with

prejudice for failure to prosecute.  Because Claimant's notice of appeal was untimely pursuant to

section 287.495.1 RSMo 2016,[1] and because Claimant's filing of a motion for reconsideration

did not extend the statutory deadline for filing the notice of appeal, we must dismiss this appeal.

### I.       BACKGROUND

In April 2021, Claimant filed a workers' compensation claim against her employer,

Metropolitan St. Louis Sewer District ("Employer"), relating to a November 2015 injury to her

right knee and body as a whole.  Employer then filed a timely answer.

---

[1] Unless otherwise indicated, all references to section 287.495.1 are to RSMo 2016 (effective from August 28, 1998, to the present).

Claimant failed to produce any evidence in support of her workers' compensation claim despite being granted multiple continuances. After Employer requested a dismissal setting for failure to prosecute, the Division issued a notice on December 7, 2022 ("December 2022 Notice"), requesting Claimant to show cause why her claim should not be dismissed and setting the matter for a hearing.

A hearing was held before an Administrative Law Judge ("ALJ") on January 5, 2023 ("January 2023 Hearing"). Over Employer's objection, Claimant requested a fifth continuance in the case. The ALJ denied Claimant's request for a continuance because her injury was over seven years old and because Claimant had failed to produce any evidence in support of her claim.

On January 11, 2023, the Division entered an order dismissing Claimant's workers' compensation claim with prejudice for failure to prosecute, finding "Claimant did not show good cause why [her] claim should not be dismissed." Eight days later, on January 19, 2023, Claimant filed a timely application for review with the Commission[2] asserting her workers' compensation claim should not have been dismissed because, *inter alia*, there were alleged irregularities with the Division's December 2022 Notice and the January 2023 Hearing.

On May 24, 2023, the Commission entered its decision affirming the Division's dismissal of Claimant's workers' compensation claim. On June 13, 2023, Claimant filed a motion for reconsideration with the Commission asserting her workers' compensation claim should not have been dismissed because: (1) there were alleged irregularities with the Division's December 2022 Notice and the January 2023 Hearing; and (2) Chapter 287 does not support a finding that she failed to prosecute her claim.

---

[2] An application for review is timely when it is filed with the Commission within twenty days of the Division's decision. Section 287.480.1 RSMo Cum. Supp. 2021 (effective from August 28, 2021, to the present); *Malone v. Treasurer of State*, 72 S.W.3d 608, 610 (Mo. App. E.D. 2002).

On June 22, 2023, the Commission entered an order denying Claimant's motion for reconsideration. Claimant then filed her notice of appeal with the Commission on June 26, 2023,[3] asserting she was appealing the Commission's May 24, 2023 decision affirming the decision of the Division dismissing Claimant's workers' compensation claim with prejudice for failure to prosecute. Thereafter, Employer filed a motion to dismiss Claimant's appeal on the grounds our Court lacks appellate jurisdiction because Claimant's notice of appeal was untimely pursuant to section 287.495.1. This motion was taken with the case. Subsequently, this Court took the case under submission.

## II.    DISCUSSION

Claimant raises multiple points on appeal arguing the Commission erred in affirming the decision of the Division dismissing her workers' compensation claim with prejudice for failure to prosecute. However, before we can consider the merits of Claimant's points on appeal, we must determine whether Employer's motion taken with the case is dispositive.

Employer's motion taken with the case requests dismissal of Claimant's appeal, asserting this Court lacks appellate jurisdiction. Employer's motion argues Claimant failed to file a timely notice of appeal as to the Commission's May 24, 2023 decision and that Claimant's motion for reconsideration did not extend the deadline for filing the notice of appeal. For the reasons discussed below, we find Employer's arguments have merit and dismiss Claimant's appeal.

---

[3] Generally, a notice of appeal is deemed filed when it is received by the Commission, unless there is an earlier "date endorsed by the United States post office on the envelope or container in which such paper is received." Section 287.480.1 RSMo Cum. Supp. 2021 (effective from August 28, 2021, to the present); *see also Sutton v. Vee Jay Cement Contracting Co.*, 161 S.W.3d 893, 894 (Mo. App. E.D. 2005) (citing, *inter alia*, section 287.480 RSMo 2000). Additionally, section 287.480.1 RSMo Cum. Supp. 2021 (effective from August 28, 2021, to the present) provides in relevant part: "In instances where the last day for the filing of [a notice of appeal with the Commission] falls on a Sunday or legal holiday, the filing shall be deemed timely if accomplished on the next day subsequent which is neither a Sunday or a legal holiday." In this case, the record on appeal shows the notice of appeal was received by the Commission on Monday, June 26, 2023, and we find it to be deemed filed as of that date because: (1) there is no showing of an earlier date endorsed by the United States post office; and (2) because the last day for the filing of the notice of appeal with the Commission was Friday, June 23, 2023 (thirty days from the date of the Commission's May 24, 2023 final award). *See id.*; *Sutton*, 161 S.W.3d at 894; *see also* section 287.495.1 (a notice of appeal in a workers' compensation case must be filed with the Commission within thirty days from the date of the Commission's final award); Section II. of this opinion.

3

"The timely filing of a notice of appeal is an indispensable prerequisite to appellate jurisdiction and a vital step for perfecting an appeal." *Rutherford v. Davis*, 458 S.W.3d 456, 461 (Mo. App. E.D. 2015) (citation and internal quotations omitted); *see also Harris v. Pauwell's Transformers*, 53 S.W.3d 164, 167 (Mo. App. E.D. 2001). When a notice of appeal is untimely, this Court lacks jurisdiction and must dismiss the appeal. *Thorp v. Thorp*, 390 S.W.3d 871, 875 (Mo. App. E.D. 2013); *see also Harris*, 53 S.W.3d at 167.

Section 287.495.1 provides a notice of appeal in a workers' compensation case must be filed with the Commission within thirty days from the date of the Commission's final award.[4] *Id.*; *Harris*, 53 S.W.3d at 167; *see also* footnote 3 of this opinion. The Commission's decision concluding a workers' compensation claim should be dismissed *with* prejudice *is* a final award because such a decision disposes of the entire controversy between the parties and results in a complete resolution of the claim. *Cf. Oberreiter v. Fullbright Trucking*, 24 S.W.3d 727, 729 (Mo. App. E.D. 2000) (holding a Commission's decision concluding a workers' compensation claim should be dismissed *without* prejudice *is not* a final award because such a decision "does not dispose of the entire controversy between the parties and has not resulted in a complete resolution of th[e] claim").

In this case, the Commission's May 24, 2023 decision affirming the decision of the Division dismissing Claimant's workers' compensation claim with prejudice for failure to prosecute was a final award. *See id*. Accordingly, Claimant was required to file a notice of appeal with the Commission no later than thirty days thereafter, on or before June 23, 2023. *See* section 287.495.1; *Harris*, 53 S.W.3d at 167. Claimant's notice of appeal in this case was not

---

[4] We note "there is no statutory exception for late filing [of a notice of appeal] based on 'good cause' in section 287.495 [RSMo,]" and "in a workers' compensation case there is no mechanism to seek a special order for a late notice of appeal under [Missouri Supreme Court] Rule 81.07." *Sutton*, 161 S.W.3d at 894 (citing, *inter alia*, section 287.495 RSMo 2000); *Mansfield v. TG Missouri Corp.*, 149 S.W.3d 895, 896 (Mo. App. E.D. 2004); *see also* section 287.495; Missouri Supreme Court Rule 81.07 (effective from January 1, 2007, to the present).

4

filed with the Commission until June 26, 2023, three days after the deadline. Because Claimant's notice of appeal was untimely filed, we must dismiss this appeal. *See id*.; *Thorp*, 390 S.W.3d at 875; *see also Rutherford*, 458 S.W.3d at 461.

Furthermore, although Claimant filed a motion for reconsideration after the Commission's May 24, 2023 decision, Claimant's filing of the motion did not extend the aforementioned statutory deadline for filing the notice of appeal under the circumstances of this case.

Importantly, "[a] legal document[, including a motion,] is not judged by its title but by its substance and content." *Bruns v. Bruns*, 662 S.W.3d 835, 838 (Mo. App. E.D. 2023) (citations and internal quotations omitted). In this case, Claimant's motion for reconsideration effectively asserted the Division's January 11, 2023 dismissal of her workers' compensation claim for failure to prosecute was erroneous because: (1) there were alleged irregularities with the Division's December 2022 Notice and the January 2023 Hearing; and (2) Chapter 287 does not support a finding that she failed to prosecute her claim. The substance and content of Claimant's motion for reconsideration demonstrates it added claims of error not contained in Claimant's original application for review and that the claims of error in the motion were or could have been known to Claimant at the time of her original application for review. Accordingly, we treat Claimant's motion for reconsideration as an amended application for review. *See id*. at 837, 838-39; *Smith v. Richardson Bros. Roofing*, 32 S.W.3d 568, 571 (Mo. App. S.D. 2000) (an amended application for review adds claims of error not contained in the original application for review) (overruled on other grounds by *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 223, 225 (Mo. banc 2003)); *cf. Fisher v. City of Independence*, 370 S.W.2d 310, 312, 316 (Mo. banc 1963) (indicating a claimant may file a motion to vacate and dismiss a worker's compensation claim after the Commission enters its decision where, *unlike here*, the claim of error in the

5

motion could not have been known to the claimant at any earlier point in time because he and the employer were both proceeding under a mutual mistake of fact as to the issue).

An original or amended application for review must be filed with the Commission within twenty days of the Division's decision to be timely, and if an original or amended application for review is untimely filed it divests the Commission and this Court of jurisdiction. Section 287.480.1 RSMo Cum. Supp. 2021 (effective from August 28, 2021, to the present); *Malone v. Treasurer of State*, 72 S.W.3d 608, 610 (Mo. App. E.D. 2002); *Smith*, 32 S.W.3d at 571-72. In this case, Claimant's motion for reconsideration filed on June 13, 2023, which we treat as an amended application for review, was untimely because it was filed well beyond twenty days after the Division issued its January 11, 2023 dismissal. *See id*. Therefore, the filing of the motion did not extend the statutory deadline for filing the notice of appeal or otherwise vest our Court with jurisdiction. *See id*.

Based on the foregoing, we grant Employer's motion to dismiss taken with the case. Because the notice of appeal was untimely filed and because the filing of Claimant's motion for reconsideration did not extend the statutory deadline for filing the notice of appeal, this Court lacks jurisdiction and must dismiss Claimant's appeal. *See id*.; section 287.495.1; *Thorp*, 390 S.W.3d at 875; *Harris*, 53 S.W.3d at 167; *see also Rutherford*, 458 S.W.3d at 461.

### III.    CONCLUSION

The appeal is dismissed.

_____
ROBERT M. CLAYTON III, Presiding Judge

Philip M. Hess, J., and
Cristian M. Stevens, J., concur.

6